ROBERT MITCHELL FURNITURE COMPANY *v.* SELDEN BRECK CONSTRUCTION COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 56. Argued November 7, 1921.—Decided December 5, 1921.

1. A judgment of the District Court dismissing an action upon the ground that the process served was void and gave no jurisdiction over the defendant's person, is reviewable directly here. P. 214.
2. The purpose of a state law requiring foreign corporations to appoint local agents upon whom process may be served is primarily to secure local jurisdiction in respect of business transacted within the State, and the scope of the agency should not be extended further by implication unless so construed by the state Supreme Court. P. 215.
3. In an action in Ohio by an Ohio corporation against a Missouri corporation, upon a contract to be performed in Michigan, negotiated by correspondence and consummated (it seems) in Illinois, it appeared that the defendant had appointed an agent in Ohio, upon whom process might be served (Ohio Gen. Code, § 179) and was engaged in building operations there when the contract was made, but, before the suit, had ceased such operations and withdrawn its property and men and thereafter it merely filed an

annual report in compliance with Ohio Gen. Code, § 5499, after service in the action was made on the agent. *Held,* that the service was void. *Chipman, Ltd.* v. *Thomas B. Jeffery Co.,* 251 U. S. 373. Affirmed.

WRIT of error to review a judgment of the District Court dismissing an action against a foreign corporation, upon the ground that the service of process upon its statutory agent did not give jurisdiction over the person of the corporation.

*Mr. Leo J. Brumleve, Jr.,* with whom *Mr. Walter A. De Camp* and *Mr. Dudley V. Sutphin* were on the brief, for plaintiff in error.

*Mr. Simeon Nash,* with whom *Mr. C. C. Williams* was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case is here on error to a judgment of the District Court that held the summons in the suit void and, on the plaintiff's statement that it could not secure service otherwise, dismissed the petition for want of jurisdiction over the person of the defendant. An appeal to this Court lies in such a case. *Board of Trade of Chicago* v. *Hammond Elevator Co.,* 198 U. S. 424. The material facts are as follows: The action is brought by an Ohio corporation upon a contract made with the defendant, a Missouri corporation, to deliver " F. O. B. cars Ann Arbor, Michigan," specified woodwork for the library building of the University of Michigan, upon which the defendant was engaged. The contract was made by correspondence between the plaintiff in Cincinnati and the defendant in Chicago, and would seem from the affidavits and exhibits to have become operative by the posting of a letter of the defendant accepting corrections, at Chicago, on February 10, 1917, although by the declaration it is alleged to have been made in Cincinnati. *Beaumont* v. *Prieto,* 249 U. S.

554. The defendant is a contractor, constructing buildings and the like, and, being a foreign corporation, in 1910 had designated Simeon Nash as a person upon whom process against it could be served within the State of Ohio, as required by statute. Subsequently it constructed buildings in Ohio, but its last work was finished on October 26, 1918, and its workmen and property were withdrawn from the State. Since that date it has made no bids for work there. This action was begun on April 5, 1919, in a State Court of Ohio, but afterwards was removed to the District Court of the United States. The only service was upon Nash, and the question is whether it was sufficient in the circumstances set forth.

An annual report is required by Gen. Code § 5499 from foreign corporations for profit doing business in the State. The defendant filed such a report in July, 1919, after the service, and no doubt would have been ready to bid upon Ohio contracts that seemed to it tempting, as it had done in the past. The plaintiff contends that these facts show that it was doing business in Ohio when the writ was served. The defendant says that the report was necessary for the ascertainment of taxes due from it for the last financial year, but it may be assumed that the wish to keep open the possibility of further employment was a contributing motive. It did nothing, however, and it contends that merely watching from outside for a chance was not enough to bring it into the trap. If it had withdrawn from the State the agency of Nash did not extend to receiving service in a suit upon a contract made and to be performed as this was. *Chipman, Ltd.* v. *Thomas B. Jeffery Co.,* 251 U. S. 373. The defendant relies upon the analogy of that case.

The purpose in requiring the appointment of such an agent is primarily to secure local jurisdiction in respect of business transacted within the State. Of course when a foreign corporation appoints one as required by statute it

takes the risk of the construction that will be put upon the statute and the scope of the agency by the State Court. *Pennsylvania Fire Insurance Co.* v. *Gold Issue Mining & Milling Co.*, 243 U. S. 93. But the reasons for a limited interpretation of a compulsory assent are hardly less strong when the assent is expressed by the appointment of an agent than when it is implied from going into business in the State without appointing one. In the latter case the implication is limited to business transacted within the State. *Simon* v. *Southern Ry. Co.*, 236 U. S. 115, 131, 132. *Old Wayne Mutual Life Association* v. *McDonough*, 204 U. S. 8, 22, 23. Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere, at least if begun, as this was, when the long previous appointment of the agent is the only ground for imputing to the defendant an even technical presence. *Chipman, Ltd.* v. *Thomas B. Jeffery Co.*, 251 U. S. 373. The indications of the Ohio statutes, so far as they go, look to " liability incurred within this State." Gen. Code § 181. As we know of no decision to the contrary by the Supreme Court of Ohio, we are of opinion that the service upon Nash was bad.

*Judgment affirmed.*