## MINER v. UNITED AIR LINES TRANSPORT CORPORATION.

### No. 7682.

District Court, S. D. California, Central Division.

Oct. 30, 1936.

Randall & Bartlett, of Los Angeles, Cal., for plaintiff.

Jesse H. Steinhart and John J. Goldberg, both of San Francisco, Cal., for defendant.

HOLLZER, District Judge.

This is a motion to quash service of summons made upon the defendant's statutory agent in California. The complaint discloses that the action is one for damages for wrongful death caused by the alleged negligence of the defendant committed in the state of Wyoming. The defendant is a foreign corporation engaged in the business of a common carrier, both in interstate commerce and intrastate commerce within the state of California. While the complaint alleges that the defendant sold the decedent a round-trip passage from Chicago, Ill., to Los Angeles, Cal., and return, it also appears from the complaint that the accident in question occurred after the decedent had been transported from California to Utah on a plane of a connecting line and while he was a passenger in one of the defendant's planes which was being operated from the state of Utah to points East.

An affidavit filed in support of the motion to quash discloses that summons had been served upon the . defendant's statutory agent in this state, appointed pursuant to section 405 of the California Civil Code, as amended by St.1933, p. 1416.

The question is therefore presented whether under the law of California summons may be served upon the statutory

agent of a foreign corporation in a suit arising upon a statutory tort committed in another state, the alleged tort being in no way connected with business transacted by the defendant in this state.

The United States Supreme Court, in Missouri Pacific Railroad Company v. Clarendon Co., 257 U.S. 533, 535, 42 S. Ct. 210, 211, 66 L.Ed. 354, said: "In dealing with statutes providing for service upon foreign corporations doing business in the state upon agents whose designation as such is especially required, this court has indicated a leaning toward a construction, where possible, that would exclude from their operation causes of action not arising in the business done by them in the state." (Citing cases.)

In Morris & Co. v. Skandinavia Insurance Co., 279 U.S. 405, beginning near the bottom of page 408, 49 S.Ct. 360, 361, 73 L.Ed. 762, the same court said: "The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the state. [Citing cases.] * * * And, in the absence of language compelling it, such a statute ought not to be construed to impose upon the courts of the state the duty, or to give them power, to take cases arising out of transactions so foreign to its interests."

In Mitchell Furniture Co. v. Selden Breck Co., 257 U.S. 213, at pages 215, 216, 42 S.Ct. 84, 85, 66 L.Ed. 201, the same court said: "The purpose in requiring the appointment of such an agent is primarily to secure local jurisdiction in respect of business transacted within the State. Of course when a foreign corporation appoints one as required by statute it takes the risk of the construction that will be put upon the statute and the scope of the agency by the State Court. Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co., 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610. * * * Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere, at least if begun, as this was, when the long previous appointment of the agent is the only ground for imputing to the defendant an even technical presence."

The same principle is thus expressed in section 92, subsection C, Conflict of Laws, in the Restatement of the Law published by the American Law Institute: "A foreign corporation by doing even intrastate business within a State of the United States does not, in the absence of consent, subject itself to the exercise of jurisdiction of the State as to causes of action not arising out of the business done within that State, so as to permit the State to exercise through its courts jurisdiction over the corporation by serving a public official."

The only legislation enacted upon this subject in California is to be found in sections 405 and 406a of the Civil Code, as amended by St.1933, pp. 1416, 1418. The pertinent portions of section 405 read:

"No foreign corporation shall transact intrastate business in this State * * * until it has also filed with the Secretary of State a statement setting forth: * * *

"(3) The name of some person residing within the State upon whom process directed to such corporation may be served. * * *

"(4) Its irrevocable consent to such service," etc.

The relevant portion of section 406a declares: "Process directed to any foreign corporation may be served upon such corporation by delivering a copy to the person designated as its agent for service of process or authorized to receive service of process," etc.

Thus far the highest court in California has given to this legislation no construction which authorizes service of process upon the statutory agent of the foreign corporation defendant where the suit is founded upon a cause of action in no way connected with business transacted within this state. In the absence of any such interpretation, the decisions above mentioned, rendered by the highest court in the land, require in this instance that the California law authorizing service of process upon a foreign corporation doing business within the state be construed so as to exclude from the operation thereof suits founded upon causes of action not arising in the business done by such foreign corporation in this state.

The defendant is therefore entitled to an order quashing service of summons made herein.