### Maryland Casualty Co. v. Newport Culvert Co.

March 10, 1939.

A. M. CALDWELL, Judge.

HARRY B. MACKOY and MACKOY & MACKOY for appellant.
BENTON, BENTON, SMITH & LUEDEKE for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellee, the Newport Culvert Company, a Delaware corporation with its principal office and place of business in Newport, Campbell County, Kentucky, filed this action against appellant, Maryland Casualty Company, upon a bond which the latter had signed as surety to secure compliance with a contract executed by one Louis Crano, Incorporated, an Ohio corporation, with the Director of Highways of Ohio, to build a road for the state of Ohio in Batavia Township, Clermont County, Ohio.

In conformity to the laws of the State of Ohio, the bond contained a special obligation for the payment by the contractor, and by all sub-contractors, for all labor performed or material furnished in the construction of the road.

Appellee is engaged in manufacturing and selling materials used in the construction of culverts and sold to the contractor, Crano, certain materials to be used in the construction of the road, which sales were made at appellee's office and place of business in Newport, Kentucky. When the road construction under the contract between Crano and the Director of Highways of Ohio was completed, Crano was indebted to various parties for material, labor, etc., but the amount due Crano was insufficient to pay all creditors and the sum was prorated among them, leaving a balance of $893.51 due appellee and it has sued to recover that sum.

The action was brought under the provisions of Section 11242 of the Ohio General Code. The petition alleges that under the law of the State of Ohio appellee

is entitled to commence and prosecute an action on said bond without joining the State of Ohio as the original obligee therein and that the law of the state of Ohio upon said subject is as follows:

"§ 11242. *In suit on bond.*—When a person forfeits his bond, or renders his sureties liable thereon, a person injured thereby, or who is entitled to the benefit of the security, may bring an action thereon, in his own name, against the person and his sureties, to recover the amount to which he is entitled by reason of the delinquency, which action may be prosecuted on a certified copy of the bond; and a judgment for one delinquency shall not preclude the same or another person from bringing an action on an instrument for another delinquency."

Summons was issued against appellant and executed by the Sheriff of Franklin County upon the Insurance Commissioner of the Commonwealth of Kentucky, under the provisions of section 631 of the Kentucky Statutes. No other service was had.

Appellant filed general and special demurrers to the petition—both of which were overruled with exceptions.

The special demurrer is as follows:

"Defendant now comes and, without waiving and still insisting on its other defenses, and general demurrer herein, demurs specially to the jurisdiction of this court over the subject of the action on the grounds that said petition, as amended, shows on its face that the alleged cause of action, if same exists, arose outside of the State of Kentucky, and has or had nothing to do with any act of defendant in the State of Kentucky; that as to each and all the matters stated in said pleading and alleged cause of action, defendant never did or carried on business in the State of Kentucky; that said alleged cause of action, if same exists, arose entirely under and pursuant to the laws of another state, to-wit, the State of Ohio; that the subject matter of said alleged cause of action and each and every part thereof were not and never have been situated or existing in the State of Kentucky; that said alleged cause of action arises and exists solely, if it does exist, under and pursuant to the laws of the state of Ohio, and is governed by the laws of the State of Ohio; that the laws of the State of Ohio with refer-

ence to said alleged cause of action, and the perfection or creation thereof, have never been complied with; that the alleged cause of action cannot be enforced in the State of Kentucky; that said alleged cause of action and the enforcement and attempted enforcement thereof in the State of Kentucky were and are invalid, illegal, unconstitutional, and were and are in contravention of and contrary to the Constitution of the State of Kentucky and the Constitution of the United States of America; and were and are in violation of each and every of the following specific provisions of the Constitution of the State of Kentucky, to-wit: Bill of Rights, Section 1, Subsections 1 and 5; and were and are in violation of each and every of the following specific provisions of the Constitution of the United States, to-wit: Article 4, Section 1; Amendment 5; Amendment 14, Section 1, U. S. C. A.''

Defendant filed its answer denying all material allegations of the petition, and later filed its amended answer pleading certain sections or provisions of the General Code of Ohio, alleging that appellee had not complied with the law governing such contracts, and particularly Section 2365-3, which refers to and must be read in connection with section 11242, of the Ohio Code, which former section (2365-3) provides that any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any building, work or improvement, at any time after performing such labor or furnishing such material, but not later than ninety days after the acceptance of such building, work or improvement by the duly authorized board or officers, shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation and that no suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement. Appellant then alleged that appellee did not furnish it with such statement as required by the Ohio Code, and the alleged failure to furnish such statement, and the jurisdiction of the court raised by the special demurrer are the only issues involved in the case. By agreement of parties a jury was waived and the court heard the evidence upon the issue of fact as to whether appellee notified appellant of its claim within the time prescribed by

law and upon trial of the case the court entered judgment for appellee in the sum sued for, and to reverse that judgment appellant has prosecuted this appeal. We will first consider the question of jurisdiction of the court.

Appellant insists that the Campbell circuit court, or any Kentucky court, did not have jurisdiction over the action and the proper venue was in the state of Ohio.

It is stated in the petition that appellant was "duly authorized to transact business in the Commonwealth of Kentucky," but there is neither allegation nor proof that appellant entered into or made any of the contracts herein involved in the Commonwealth of Kentucky. Appellee seeks only to hold appellant liable on its bond for the sum of money due it by Crano because it sold to him the material to be used in the construction of the road and that the purchases were made at appellee's place of business in Newport, Kentucky, and shipped to Crano in Ohio.

It is conceded that both the construction contract and the surety contract as between the State Highway Department of Ohio, Crano and appellant, were executed in the State of Ohio and that the action is brought under the laws of Ohio specifically dealing with such contracts. The fact that the summons was executed upon the State Insurance Commissioner of Kentucky under the provisions of the statutes, supra, is the only jurisdictional fact relied on by appellee to give the Kenton circuit court jurisdiction of the action. The great weight of authority, if indeed, not all the authorities, hold that such statutes like and similar to our statutes (Section 631) are applicable only to contracts or transactions entered into in the state which enacts the statutes. If appellant had executed the bond in question in the State of Kentucky, a different situation might have been presented.

In Old Wayne Mutual Life Association v. McDonough, 204 U. S. 8, 27 S. Ct. 236, 241, 51 L. Ed. 345, suit was brought in Pennsylvania against an insurance company, an Indiana corporation, upon a certificate or policy of insurance contracted and executed in the State of Indiana, to recover the amount of the policy in favor of the beneficiaries thereof. Summons was addressed to the sheriff of Susquehanna County, Pennsylvania, and executed by the sheriff upon the Insurance Commission-

er for that state. In the plaintiff's declaration it was stated that the defendant insurance company was a corporation of Indianapolis, Indiana, and foreign to the state of Pennsylvania, and as such had been doing business of life insurance in the state of Pennsylvania and more particularly in Susequehanna County of said state and had no duly appointed agent in said county, state of Pennsylvania, for the acceptance of service or process other than the Commissioner of Insurance of the State of Pennsylvania. The Insurance Company did not appear and judgment was rendered against it by default. Thereafter suit was brought in Indiana on the judgment setting out the facts including the manner of service of summons as we have indicated. The Insurance Company demurred to the petition but the demurrer was overruled. It then filed its answer traversing the material allegations of the petition and in a separate paragraph raised the question of the jurisdiction of the court in the first action on the policy, alleging that the judgment rendered against it was void for the want of due process of law required by the Fourteenth Amendment to the Federal Constitution. In that opinion many other issues, not pertinent to the present case, are discussed and determined and we will consider only the one applicable to the case under consideration. In that opinion the court said:

> "Conceding, then, that by going into Pennsylvania, without first complying with its statute, the defendant association may be held to have assented to the service upon the insurance commissioner of process in a suit brought against it there in respect of business transacted by it in that commonwealth, such assent cannot properly be implied where it affirmatively appears, as it does here, that the business was not transacted in Pennsylvania. In deed, the Pennsylvania statute, upon its face, is only directed against insurance companies who do business in that commonwealth,—'in this state.' While the highest considerations of public policy demand that an insurance corporation, entering a state in defiance of a statute which lawfully prescribes the terms upon which it may exert its powers there, should be held to have assented to such terms as to business there transacted by it, it would be going very far to imply, and we do not imply, such assent as to business transacted in another state, although

citizens of the former state may be interested in such business."

The case was reversed as being void for want of due process of law.

In Simon v. Southern Railway Company, 236 U. S. 115, 35 S. Ct. 255, 260, 59 L. Ed. 492, Simon filed suit in the Louisiana State Court against the railway Company, a Virginia corporation, and summons was executed upon the Secretary of State of Louisiana under a statute similar to Section 631 of Kentucky Statutes. The litigation finally reached the Supreme Court and in discussing the question of the jurisdiction of the Louisiana Court, the court said:

"Subject to exceptions, not material here, every state has the undoubted right to provide for service of process upon any foreign corporations doing business therein; to require such companies to name agents upon whom service may be made; and also to provide that in case of the company's failure to appoint such agent, service, in proper cases, may be made upon an officer designated by law. Mutual Reserve Fund Life Association v. Phelps, 190 U. S. 147, 23 S. Ct. 707, 47 L. Ed. 987; Connecticut Mutual Life Insurance Company v. Spratley, 172 U. S. [602], 603, 19 S. Ct. 308, 43 L. Ed. 569. But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made *relates to business and transactions within the jurisdiction of the state enacting the law.* Otherwise, claims on contracts, wherever made, and suits for torts wherever committed, might, by virtue of such compulsory statute, be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business. The manifest inconvenience and hardship arising from such extra-territorial extension of jurisdiction by virtue of the power to make such compulsory appointments could not defeat the power if in law it could be rightfully exerted. But these possible inconveniences serve to emphasize the importance of the principle laid down in Old Wayne Life Association v. McDonough, 204 U. S. [8], 22, 27 S. Ct. 236, 51 L. Ed. 345, that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states." (Our italics.)

That opinion refers to and quotes with approval from the Old Wayne Mutual Life Association v. McDonough, supra, and in conclusion held that the service on the railway company, even if in compliance with the requirements of the laws of Alabama, was not that kind of process which could give the court jurisdiction over the person of the defendant for a cause of action arising in another state. See, also, to the same effect, Robert Mitchell Furniture Company v. Selden Breck Construction Company, 257 U. S. 213, 42 S. Ct. 84, 66 L. Ed. 201, wherein it is held that such service of process as is here involved should not be construed to extend to suits in respect of business transacted by the foreign corporation in a state other than the one that enacted the statute providing for such process. That case also cites Simon v. Southern Railway Company and Old Wayne Mutual Life Association cases, supra.

Again, in Morris & Company v. Skandinavia Insurance Company, 279 U. S. 405, 49 S. Ct. 360, 73 L. Ed. 762, it is held that the purpose of statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the state, and in support of that principle the cases, supra, are cited.

American Indemnity Company v. Detroit Fidelity & Surety Company, D. C., 63 F. (2d) 395, 397, was a case where a Texas Statute requiring foreign fidelity and insurance company to appoint attorneys for service of process and providing that process may be served either upon the attorney or commissioner, such statute was held limited to suits upon business done in Texas, and that such companies licensed to do business in Texas were not amenable to suit by a Texas citizen for breach of bonds executed, delivered and breached in California, upon process served upon attorney designated for service and sub-agents doing business in Texas who were not officers of such companies. The court said:

> "Since the great purpose of the licensing statute is to safeguard the business to be done in the state (see Phillips v. Perue, 111 Tex. 112, 229 S. W. 849), and has particular reference to official and fiduciary bonds filed in the various counties, we think its vague terms as to service should be confined to suits arising from business done in Texas. Robert Mitchell Furniture Company v. Selden Breck Construc-

tion Company, 257 U. S. 213, 42 S. Ct. 84, 66 L. Ed. 201; Morris & Company v. Skandinavia Insurance Company, 279 U. S. 405, 49 S. Ct. 360, 73 L. Ed. 762; Louisville & Nashville Railroad Company v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 330, 73 L. Ed. 711.''

From the authorities supra, it is obvious that section 631, Kentucky Statutes, under which process was executed upon the Insurance Commissioner of Kentucky for appellant, is applicable only to transactions by insurance companies, or other foreign corporations, performed and executed in Kentucky, but has no application to contracts executed in a foreign state.

It is the contention of appellee, however, that the authorities, supra, are not applicable to the present case because, it is argued, the sale of the material by appellee to Crano having been made in Kentucky, brings appellant within the purview of the statute and therefore the transaction or contract sued on transpired in Kentucky. This would be true as between appellee and Crano, but we are unable to see what connection appellant had with the contract or dealings had solely between appellee and Crano. The suit is based upon the bond and it cannot be said the execution of this bond was a transaction performed in Kentucky simply because appellee, a resident of Kentucky, sold to the Ohio road contractor, Crano, materials to be used in the contract which the bond secured.

We do not mean to hold, however, that appellee is not a beneficiary of the bond. Undoubtedly, it is one of the class covered by the bond, and the fact that it is a resident of Kentucky is not material. The bond was for the protection of all persons, firms or corporations who may furnish material, labor, etc., to the contractor in the construction of the road as provided by the laws of Ohio. However, for the purpose of a decision of this case that question is not before us. The only question with which we are concerned is the venue or jurisdiction wherein appellee should have brought its action, and it appears to us that the cases supra are conclusive that the Campbell circuit court has no jurisdiction of the action and the proper venue of same is in the state of Ohio.

Furthermore, if it be conceded that the Campbell circuit court had jurisdiction of the action, still there is

another reason why appellee failed to establish its right to recover. In appellee's petition it only pleaded and relied on section 11242 of the Ohio Code but did not plead or refer to section 2365-3 of the Code, pleaded in the answer of appellant.

Since appellee's right to sue on the bond rests solely upon the laws of Ohio it was incumbent upon it to state facts under the laws of that state showing its right to recover. Appellee did not only fail to plead that it furnished appellant a statement of the amount due it, but demurred to and moved to strike from appellant's answer all matters relating to that section (2365-3) of the Code. Since foreign statutes must be pleaded and proved the same as any other fact, when appellant pleaded in its answer section 2365-3 of the Code, thereby calling the attention of the court to it, the court then should have carried the motion to strike and demurrer to the answer back to the petition and sustained the general demurrer to it. And, furthermore, if appellee had properly pleaded section 2365-3 of the Ohio Code, it is doubtful whether the evidence established that appellee complied with the Code in respect of furnishing appellant a statement of its account as provided for in the Code. It is admitted that appellee filed no formal written statement with appellant but relies upon information appellant obtained through the officials of the State Highway Department of Ohio. It appears that appellee made known to the officials of the Highway Department its claim against Crano and the officials of the State Highway informed appellant of the claim, and appellee claims that these officials were its agents and knowledge of its claim obtained by appellant through the State Highway officials was a sufficient compliance with the law. But upon an examination of the evidence it is doubtful that the information furnished appellant by the State Highway officials was a sufficient compliance with the Ohio Code which required appellee to furnish such statement to appellant. However, since we have determined the case upon other grounds, it becomes unnecessary to decide that question.

For the reasons stated, the judgment is reversed and remanded for proceedings consistent with this opinion.