**STEINBERG v. ÆTNA FIRE INS. CO. et al.**

**No. 2900.**

District Court, E. D. Pennsylvania.

June 18, 1943.

David N. Feldman, of Philadelphia, Pa., for plaintiff.

Horace Michener Schell and Howard R. Detweiler, both of Philadelphia, Pa., (Arthur T. Vanderbilt, of Newark, N. J., of counsel), for defendants.

KALODNER, District Judge.

The plaintiff is a resident of Pennsylvania.

The defendants are foreign corporations having been incorporated under the laws of a foreign country or of states other than Pennsylvania. All the defendants are authorized to do business in Pennsylvania.

The Pennsylvania Act of Assembly of May 17, 1921, P.L. 682, § 301, 40 P.S. § 421, provides in part as follows:

"Section 301. Requisites for foreign companies to do business.—No stock or mutual insurance company or association of any other State or foreign government shall be admitted and authorized to do business until: * * *

"(c) It shall, by a duly executed instrument filed in his office, constitute and appoint the Insurance Commissioner or his successor its true and lawful attorney, upon whom all lawful processes in any action, rule, order, or legal proceeding against it may be served; and therein shall agree that any lawful process against it which may be served upon him as its said attorney shall be of the same force and validity as.

if served on the company, and that the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this Commonwealth."

Some of the defendants had been authorized to do business in Pennsylvania prior to the passage of the Act of May 17, 1921. However, the statutes which preceded the Act of May 17, 1921, and which were in force on the dates each of the defendants admitted to do business in Pennsylvania prior to 1921 were so admitted, contained provisions identical with those contained in Section 301(c). Act of June 1, 1911, P.L. 607, § 10, subsection Third, supplemented by Act of June 1, 1915, P.L. 653.

The issue involved here is as to whether the plaintiff can maintain his suit in this District by the service of process on the Insurance Commissioner of Pennsylvania. The defendants contend that he cannot do so because the cause of action set forth in the complaint did not arise in Pennsylvania.

The issue has been raised by the defendants' motion to set aside the service of summons following their entry of a special appearance.[1]

The complaint sounds as an action for malicious prosecution, and avers that on May 24, 1935, the defendants arrested or caused the arrest of the plaintiff in the County of Gloucester in the State of New Jersey, charging the plaintiff with "Conspiracy to Defraud and the Crime of Arson". It further avers that the conduct of the defendants was malicious and that the plaintiff was incarcerated in the county jail at Woodbury, New Jersey, for ten days, until he posted bail in the amount of $5,000. The complaint further alleges that bills of indictment were found against the plaintiff, and that subsequently on December 24, 1941, the bills of indictment were noll prossed and the criminal proceedings terminated.

Although the plaintiff's complaint does not set forth these facts, plaintiff in his written and oral arguments states that the defendant insurance companies issued the fire policies to insure certain risks in Woodbury, New Jersey; that these policies were delivered to the plaintiff in Philadelphia. A fire occurred on the risks covered and the arrest of the plaintiff in New Jersey followed. Counsel for defendants has written to the court stating that all the policies conclude with this language:

"In Witness Whereof, this Company has executed and attested these presents; but this policy shall not be valid until countersigned by the duly authorized Agent of the Company at * * *" and that therefore each policy in order to become effective had to be countersigned, and that the countersignature was in fact made in the respective foreign offices of the defendant companies.

As I have already stated, the pleadings do not contain the averments relating to the making of the insurance contracts and if material, the pleadings would be amendable. However, I do not believe that the averment of the fact that these insurance contracts were made in Philadelphia is material. The action of the plaintiff is based upon a tort alleged to have been committed by the defendants in the state of New Jersey. The issuance of the policies, wherever that might have taken place, is merely a coincidence, and might be interesting in throwing light on the history of the dealings between the plaintiff and the defendants, but has nothing to do with the alleged cause of action which arose in the state of New Jersey.

It is to be noted that there is no provision in the Pennsylvania Act that the cause of action must have arisen within the Commonwealth. However, I am of the opinion that the purpose of requiring the "compulsory consent" of service upon the Insurance Commissioner is to subject the foreign insurance companies to the jurisdiction of the local courts in causes of action arising within the State.

---

[1] At the instruction of the plaintiff, the United States Marshal of this District made service of the complaint and summons upon the Deputy Insurance Commissioner of the Commonwealth of Pennsylvania at Philadelphia. The Deputy Commissioner sent the summons and complaint to the Commissioner of Insurance of the Commonwealth of Pennsylvania at Harrisburg, who thereupon returned them to the Deputy at Philadelphia, informing the Deputy he had no authority to accept service and that service in all cases must be made upon the Commissioner at Harrisburg. The plaintiff has offered to procure an amended service by serving the complaint by registered mail on the Insurance Commissioner at Harrisburg, Pennsylvania.

I have been unable to find any reported decisions in Pennsylvania construing this Act which cover that point. The decisions elsewhere are quite uniform in holding that the service under the circumstances of this case is improper.

In Morris & Co. et al. v. Skandinavia Insurance Co., 279 U.S. 405, at pages 408, 409, 49 S.Ct. 360, at page 361, 73 L.Ed. 762, the court said: *"The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the state.* Old Wayne Mut. Life Ass'n v. McDonough, 204 U.S. 8, 18, 21, 27 S.Ct. 236, 51 L.Ed. 345; Simon v. Southern Railway, 236 U.S. 115, 130, 35 S.Ct. 255, 59 L.Ed. 492; Mitchell Furniture Co. v. Selden Breck [Const.] Co., 257 U.S. 213, 215, 42 S.Ct. 84, 66 L.Ed. 201; Louisville & Nashville R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711. The language of the appointment and of the statute under which it was made plainly implies that the scope of the agency is intended to be so limited. By the terms of both, the authority continues only so long as any liability of the company remains outstanding in Mississippi. No decision of the state Supreme Court supports the construction for which petitioner contends. And, in the absence of language compelling it, such a statute ought not to be construed to impose upon the courts of the state the duty, or to give them power, to take cases arising out of transactions so foreign to its interests. The service of the summons cannot be sustained." (Emphasis supplied.)

In Robert Mitchell Furniture Co. v. Selden Breck Construction Co., 257 U.S. 213, at pages 215, 216, 42 S.Ct. 84, at page 85, 66 L.Ed. 201, Mr. Justice Holmes declared: *"The purpose in requiring the appointment of such an agent is primarily to secure local jurisdiction in respect of business transacted within the State.* Of course when a foreign corporation appoints one as required by statute it takes the risk of the construction that will be put upon the statute and the scope of the agency by the State Court. Pennsylvania Fire Insurance Co. v. Gold Issue Mining & Milling Co., 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610. But the reasons for a limited interpretation of a compulsory assent are hardly less strong when the assent is expressed by the appointment of an agent than when it is implied from going into business in the State without appointing one. *In the latter case the implication is limited to business transacted within the State.* Simon v. Southern R. Co., 236 U.S. 115, 131, 132, 35 S.Ct. 255, 59 L.Ed. 492; Old Wayne Mutual Life Association v. McDonough, 204 U.S. 8, 22, 23, 27 S.Ct. 236, 51 L.Ed. 345. Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere, at least if begun, as this was, when the long previous appointment of the agent is the only ground for imputing to the defendant an even technical presence. Chipman, Ltd., v. Thomas B. Jeffery Co., 251 U.S. 373, 40 S.Ct. 172, 64 L.Ed. 314. The indications of the Ohio Statutes, so far as they go, look to 'liability incurred within this State.' Gen.Code § 181. As we know of no decision to the contrary by the Supreme Court of Ohio, we are of opinion that the service upon Nash was bad." (Emphasis supplied.)

In Missouri Pacific R. Co. v. Clarendon Boat Oar Co., Inc., 257 U.S. 533, at pages 535, 536, 42 S.Ct. 210, at page 211, 66 L. Ed. 354, Chief Justice Taft said: "Still less is it incumbent upon a state in furnishing such process to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory actions *not arising in the state.* Indeed, so clear is this that in dealing with statutes providing for service upon foreign corporations doing business in the state upon agents whose designation as such is especially required, this court has indicated a leaning toward a construction, where possible, that would exclude from their operation causes of action not arising in the business done by them in the state. Mitchell Furniture Co. v. Selden Breck Construction Co., * * * 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201; Old Wayne Mutual Life Association v. McDonough, 204 U.S. [8], 22, 27 S.Ct. 236, 51 L.Ed. 345; Simon v. Southern R. Co., 236 U.S. 115, 130, 35 S.Ct. 255, 59 L.Ed. 492." (Emphasis supplied.)

In Miner v. United Air Lines Transport Corporation, D.C., 16 F.Supp. 930, at page 931, the court said: "Thus far the highest court in California has given to this legislation no construction which authorizes service of process upon the statutory agent.

of the foreign corporation defendant where the suit is founded upon a cause of action in no way connected with business transacted within this state. In the absence of any such interpretation, the decisions above mentioned, rendered by the highest court in the land, require in this instance that the California law authorizing service of process upon a foreign corporation doing business within the state be construed so as *to exclude from the operation thereof suits founded upon causes of action not arising in the business done by such foreign corporation in this state.*" (Emphasis supplied.)[2]

For the reasons stated the motion to set aside service of summons is sustained and the complaint is dismissed.

---

[2] See, also, Cohen v. American Window Glass Co., D.C., 41 F.Supp. 48; American Indemnity Co. v. Detroit Fidelity & S. Co., 5 Cir., 63 F.2d 395; Stephens v. Richman & Samuels, 5 Cir., 118 F.2d 1011; Camp v. Cities Service Gas Co., D.C., 17 F.Supp. 618; Moore v. National Hotel Management Corp., D.C., 21 F. Supp. 177; Hughes v. Johnson Educator Food Co., D.C., 14 F.Supp. 999; Sawyer v. North American Life Ins. Co., 46 Vt. 697; State ex rel. Phœnix Mut. Life Ins. Co. v. Harris, 343 Mo. 252, 121 S.W.2d 141, 119 A.L.R. 862; Rehm v. German Ins. & Sav. Inst., 125 Ind. 135, 25 N.E. 173; Protas v. Modern Inv. Corp., 198 Ark. 300, 128 S.W.2d 360; Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 98 So. 119; National Liberty Ins. Co. v. Trattner, 173 Ark. 480, 292 S.W. 677; Osage Oil & Refining Co. v. Interstate Pipe Co., 124 Okl. 7, 253 P. 66; Maryland Casualty Co. v. Newport Culvert Co., 277 Ky. 320, 126 S.W.2d 468; Staley-Wynne Corp. v. Loring Oil Co., 182 La. 1007, 162 So. 756.