James Allen BUDDE,
Plaintiff-Appellant,

v.

LING–TEMCO–VOUGHT, INC., d/b/a
Kentron Hawaii, Ltd., et al.,
Defendants-Appellees.

No. 74–1146.

United States Court of Appeals,
Tenth Circuit.

March 6, 1975.

Edmond R. Eberle, New Orleans, La., for plaintiff-appellant.

Johnson, Paulantis & Lanphere, Albuquerque, N. M., for defendants-appellees.

Before LEWIS, Chief Judge, and HILL and McWILLIAMS, Circuit Judges.

HILL, Circuit Judge.

This appeal results from the trial court's quashing service and dismissing appellant's claim because jurisdiction was lacking.

Appellant Budde was injured on September 27, 1970, in the Republic of South Vietnam, while allegedly a passenger in a jeep driven by Jessie Francis. Appellant claims the accident was caused by Francis' negligent operation of the vehicle. Francis was employed by Kentron Hawaii, Ltd. (Kentron), a subsidiary of LTV Aerospace Corporation (LTV Aerospace), which is a subsidiary of The LTV Corporation (LTV). For many

months after the accident, appellant had no recollection of the occurrence. On September 22, 1971, appellant obtained a military accident report which provided some information concerning the accident. On September 27, 1972, appellant filed suit in the Eastern District of Louisiana against Francis, Ling-Temco-Vought, Inc., d/b/a Kentron, and its insurer, Insurance Company of North America. On March 11, 1974, the trial court dismissed that suit because of Louisiana's one-year statute of limitations and the Fifth Circuit affirmed the dismissal. Budde v. Insurance Co. of North America, 502 F.2d 783 (5th Cir. 1974).

Fearing that dismissal and desiring to take advantage of New Mexico's three-year statute of limitations, appellant filed this action on August 6, 1973,[1] in the United States District Court for the District of New Mexico. Service of process was made on the Corporation Company, the statutory agent for LTV Aerospace. LTV Aerospace does business in New Mexico. The complaint alleges appellant is a Louisiana citizen and appellees are New Mexico citizens.[2] On September 4, 1973, appellees entered a special and limited appearance and filed a motion to quash purported service of process on the corporate appellees, to quash issuance of summons as to Francis, and to dismiss the complaint because of lack of jurisdiction over the persons. To support their motion, appellees submitted affidavits which indicate LTV is a Delaware corporation with principal offices in Texas, and Kentron is a Hawaii corporation with principal offices there.

The record of proceedings indicates the court sent a letter dated October 18, 1973, to counsel stating that the case would be dismissed on November 1, 1973, if something was not done on it. On

1. A similar suit was also filed in a federal district court in Florida. Appellant states jurisdictional attacks also have been made in Florida.

2. Although all appellees were alleged to be New Mexico citizens, the appellant states in

his brief that Jessie Francis' whereabouts have never been learned. Appellant indicated, in his trial memorandum, a willingness to amend the complaint to set forth the principal offices and states of incorporation of the corporate appellees and to allege their doing business in New Mexico.

October 29, 1973, appellant requested a 60-day extension to obtain affidavits, interrogatories, depositions, etc., for use in opposing appellees' motions; the trial judge granted a 30-day extension from October 30, 1973. Appellant, on November 30, 1973, filed with the court and mailed to opposing counsel interrogatories concerning the three corporations' inter-relationships. On January 9, 1974, before answers to the interrogatories had been filed, the trial court granted appellees' motion to quash service and to dismiss the complaint for lack of jurisdiction.

 On appeal, appellant contends the district court unjustly and erroneously deprived appellant of discovery which would have shown the court that it had personal jurisdiction over the appellees. When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion. The trial court, however, is vested with broad discretion and should not be reversed unless discretion is abused. H. L. Moore Drug Exch., Inc. v. Smith, Kline & French Labs., 384 F.2d 97 (2nd Cir. 1967).

We do not believe the trial court abused its discretion here. The court had granted appellant 30 additional days to obtain affidavits, interrogatories, depositions, etc.; the court order dismissing the complaint was filed several weeks after the 30-day extension expired. During this period of time, appellant filed and mailed a set of interrogatories and filed a memorandum and addendum in opposition to the appellees' motions. No affidavits were filed; one deposition taken in the Louisiana litigation was attached to the memorandum.

> An appellate court will not interfere with the trial court's exercise of its discretion to control its docket and dispatch its business . . . except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.

Eli Lilly & Co. v. Generix Drug Sales, Inc., 460 F.2d 1096 (5th Cir. 1972).

We do not feel that the trial court's procedures caused any prejudice to the appellant. Implicit in the trial court's order quashing service and dismissing the complaint for lack of jurisdiction is a determination that further discovery would not demonstrate facts sufficient to constitute a basis for personal jurisdiction in New Mexico over the appellees in this case. Appellant claimed service on LTV Aerospace under New Mexico's foreign corporation process statute [3] pro-

---

3. N.M.Stat.Ann. § 21-3-6 (1970). "Process against foreign corporations.—

"A. In all personal actions brought in any court of this state against any foreign corporation, process may be served upon any officer, director or statutory agent of the corporation, either personally or by leaving a copy thereof at his dwelling house or usual place of abode, or by leaving a copy at the office or usual place of business of the foreign corporation.

"B. If no person has been designated by a foreign corporation doing business in this state as its statutory agent upon whom service of process can be made, or, if, upon diligent search, neither the agent so designated nor any of the officers or directors of the foreign corporation can be found in the state, then, upon the filing of an affidavit to that effect by the person to whom the process has been delivered for service in the office of the secretary of state, together with service upon the secretary of state of a duplicate copy of the process in the cause, the secretary of

state shall accept service of process as the agent of the foreign corporation, but the service is not complete until a fee of five dollars ($5.00) is paid to the secretary of state by the plaintiff in the action.

"C. Upon receipt of the process and fee, the secretary of state shall forthwith give notice by telegraph, charges prepaid, to the foreign corporation at its principal place of business outside the state of the service of the process, and shall forward to that office by registered or certified mail a copy of the process. Where the secretary of state has no record of the principal office of the foreign corporation outside the state, he shall forward the copy of the process to the places designated as its principal office in an affidavit filed with the secretary of state by the plaintiff in the suit or by his attorney.

"D. The foreign corporation served as provided in this section shall appear and answer within thirty [30] days after the secretary of state gives the notice. The certificate of the secretary of state, under his official seal, of

vided jurisdiction over LTV and Kentron which were not directly doing business in New Mexico.

■ The issue presented here can be stated as follows: Would LTV and Kentron (assuming *arguendo* they were engaging in business in New Mexico under alter ego or agency theories) be subject to process under New Mexico law for a cause of action not arising from the corporation's New Mexico activities? This issue statement recognizes that in diversity cases state law determines whether a corporation is subject to process in the state and federal decisions determine only if the state law is constitutional. Litvak Meat Co. v. Baker, 446 F.2d 329 (10th Cir. 1971); Walker v. General Features Corp., 319 F.2d 583 (10th Cir. 1963). The relevant New Mexico statute, N.M. Stat.Ann. § 21–3–6 (1970),[4] does not specifically provide that foreign corporations are made subject to process for causes of action not resulting from the corporations' activities in New Mexico; we have not located a New Mexico decision providing a direct answer to the question.

■ Since Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), it has been clear that federal due process does not prohibit a state from assuming jurisdiction to enforce a cause of action not arising out of a corporation's activities within the state. The Supreme Court, however, indicated a preferential construction of foreign corporation process statutes which excludes their operation if the cause of action does not arise out of business done by the corporation in the state. *E. g.*, Morris & Co. v. Skandinavia Ins. Co., 279 U.S. 405, 49 S.Ct. 360, 73 L.Ed. 762 (1929); Louisville & N. R.R. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711 (1929).

■■ The trial judge apparently determined § 21–3–6 did not extend to causes of action not arising out of business done by the corporation in New Mexico. The view of a federal district judge concerning the unsettled law of his state is given great weight and credence by this Court. *E. g.*, Sade v. Northern Natural Gas Co., 501 F.2d 1003 (10th Cir. 1974); United States v. Hershberger, 475 F.2d 677 (10th Cir. 1973). Giving that view great weight and considering the Supreme Court's preferential construction, we cannot say that § 21–3–6 extends to causes of action not arising out of corporations' New Mexico business. Consequently, further discovery would not have aided appellant in seeking to establish jurisdiction.

■ We note that the record does not contain an order dismissing the action; an order dismissing a complaint is not an appealable order. *E. g.*, Smith v. Serna, 367 F.2d 324 (10th Cir. 1966). However,

---

the service is competent and sufficient proof thereof.

"E. The secretary of state shall keep a record of all process served on him as provided for in this section, and of the time of the service and of his action in respect thereto.

"F. Any foreign corporation engaging in business in this state, either in its corporate name or in the name of an agent, without having first procured a certificate of authority or otherwise become qualified to engage in business in this state shall be deemed to have consented to the provisions of this section."

Appellant does not argue to this Court the possible applicability of N.M.Stat.Ann. § 21–3–16, New Mexico's long arm statute. In the trial court, appellant stated in his "Memorandum in Opposition to Motion to Dismiss" that "[c]ontrary to defendants' assertions, plaintiff is *not* asserting that this court has jurisdiction over The LTV Corporation as a result of the

New Mexico 'long arm statute.' " That statute, however, would not avail appellant either because the tort here occurred outside New Mexico.

4. N.M.Stat.Ann. § 51–30–10 (Supp.1973) is another statute dealing with service of process on foreign corporations. It does not mention out-of-state causes of action. Section 51–30–10 provides: "The registered agent appointed by a foreign corporation authorized to transact business in this state shall be an agent of the corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served. Nothing in this section limits or affects the right to serve any process, notice or demand, required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law."

the order does grant the motion to quash service and that order is appealable. Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372 (1923); Edwin Raphael Co. v. Maharam Fabrics Corp., 283 F.2d 310 (7th Cir. 1960).

Affirmed.