**KANSAS FOOD PACKERS, INC.,**
a corporation, Plaintiff,

v.

**CORPAK INC., a corporation; Thomas Kuhn, an individual; Woodrow C. Monte, an individual; Thermedics, Inc., a corporation; and Thermo Electron Corporation, a corporation, Defendants.**

No. 99–1418–JTM.

United States District Court,
D. Kansas.

May 31, 2000.

John T. Moore, Hinkle Elkouri Law Firm, L.L.C., Wichita, KS, Brian J. Rayment, Kivell, Rayment & Francis, Tulsa, OK, for plaintiff.

John P. Woolf, Jeffrey D. Leonard, Jerald W. Rogers, Triplett, Woolf & Garretson, LLC, Wichita, KS, for defendants.

*ORDER*

MARTEN, District Judge.

This matter is before the court on a joint motion to dismiss for lack of personal jurisdiction filed by the defendants Thermedics Inc. ("Thermedics") and Thermo Electron Corporation ("Thermo Electron"). The matter is fully briefed and ripe for the court's consideration. For the reasons set forth below, the defendants' motion to dismiss for lack of personal jurisdiction is denied.

## I. Facts

Plaintiff's claims arise out of a prior state court civil proceeding wherein Kansas Food Packers, Inc. ("KFP") sought damages against Corpak Inc. ("Corpak") for breach of contract ("KFP I"). Corpak was the only defendant in KFP I and asserted a counterclaim against KFP for breach of contract and related claims. KFP prevailed against Corpak in KFP I, and the state court found against Corpak on its counterclaim. On or about November 8, 1996, KFP filed another action in Sedgwick County District Court ("KFP II"), which was subsequently removed to this court as Case No. 96–1439–JTM. In KFP II, plaintiff alleged wrongful use of civil proceedings against Corpak, Thomas Kuhn, Woodrow Monte, and Thermedics, and included a perjury/breach of contract claim against defendant Monte alone. By Memorandum and Order dated April 11, 1997, this court dismissed without prejudice all claims for wrongful use of civil proceedings[1] and dismissed with prejudice the perjury/breach of contract claim against defendant Monte.

On September 9, 1999, plaintiff commenced the current litigation in Sedgwick County District Court, again alleging claims for malicious prosecution and wrongful use of civil proceedings and adding a defendant, Thermo Electron ("KFP III"). In KFP III, plaintiff generally alleges that Thermedics and Thermo Electron, by and through their counsel, Mary Ellen Wilkes, was intimately involved with KFP I by: (1) conspiring to fabricate evidence in KFP I in defense of plaintiff's claims; (2) presenting false and fabricated

---

1. The court found that plaintiff's claims for abuse of process were premature because the appeal

time for KFP I had not passed nor had the appeal been terminated.

documents in evidence to the court; (3) se-cluding documentary evidence; and (4) directing the filing and prosecution of Corpak's counterclaims and defenses in KFP I.

The moving defendants claim they lack sufficient contacts with the state of Kansas to subject them to personal jurisdiction. Thermedics admits that it owns all of the stock of Corpak, but it claims Corpak has its own board of directors and independent operations. It further claims it had no involvement in the events giving rise to the instant litigation. Thermo Electron admits it is a shareholder of Thermedics, but claims Thermedics is a publicly-traded corporation with its own board of directors and independent operations. Thermo Electron also claims it had no involvement in the events giving rise to this litigation.

## II. Personal Jurisdiction: Kansas Long-Arm Statute

The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well-established:

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent that they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

*Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985) (citations omitted); *Key Indus., Inc. v. O'Doski, Sellers & Clark, Inc.,* 872 F.Supp. 858, 860–61 (D.Kan.1994).

In analyzing a motion to dismiss for lack of personal jurisdiction, the court must conduct a two-part inquiry. First, it must determine if the defendants' conduct falls within one of the provisions of the forum state's long arm statute, which in this case is K.S.A. § 60–308(b). Second, the court must determine whether the defendants had sufficient "minimum contacts" with the forum state to satisfy the constitutional guarantee of due process. *Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990); *Electronic Realty Assocs., L.P. v. Paramount Pictures Corp.,* 935 F.Supp. 1172, 1175 (D.Kan.1996).

Plaintiff claims the defendants' conduct falls within K.S.A. § 60–308(b)(2), which provides:

> *Submitting to jurisdiction—process.* Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual person's representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> .　　.　　.　　.　　.
>
> (2) commission of a toritous act within this state;
>
> .　　.　　.　　.　　.

However, plaintiff points out that it has been unable to conduct discovery on the issues raised by the defendants' motion and requests time to conduct discovery on the issue of the defendants' involvement in KFP I.

■ "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling–Temco–Vought, Inc.,* 511 F.2d 1033, 1035 (10th Cir. 1975); *see also Soma Med. Int'l v. Standard Chartered Bank,* 196 F.3d 1292, 1295 (10th Cir.1999) (district court granted plaintiff leave to engage in limited jurisdictional discovery before granting defendant's motion to dismiss).

■ The court finds that there is insufficient evidence at this point to determine whether the defendants' conduct falls within the Kansas long-arm statute. It further finds that discovery shall be limited at this time to the issues raised by the defendants' motion. Therefore, the defendants' motion to dismiss for lack of jurisdiction is denied;

however, the court grants the defendants leave to reassert their motion at the conclusion of discovery.