*872 KELLY, Circuit Judge,
concurring m part and dissenting in part.
I join the court’s order and judgment holding that there are insufficient minimum contacts with the forum for specific personal jurisdiction. However, I dissent from the decision to remand to allow for jurisdictional discovery. I am at a loss as to why we would remand for additional discovery given Plaintiffs position that the facts it does have, support specific personal jurisdiction and its statement “[i]t is irrelevant that Coleridge and Jelniki did not operate Greystone on a day-to-day basis.” Aplt. Reply Br. at 14.
A district court’s refusal to allow jurisdictional discovery is reviewed for an abuse of discretion. Budde v. Ling-Temco-Vought, Inc., 511 F.2d 1033, 1035 (10th Cir. 1975). The refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to the litigant or a better showing of the facts is necessary. Sizova v. Nat’l Inst. of Standards & Tech., 282 F.3d 1320, 1326 (10th Cir. 2002). Where a foreign defendant is involved, however, courts have cautioned that extensive discovery should not be compelled to determine whether personal jurisdiction exists. Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp. (Reimer), 230 F.3d 934, 946 (7th Cir. 2000) (citing Jazini v. Nissan Motor Co., 148 F.3d 181, 185-86 (2d Cir. 1998)). A plaintiff must make a colorable or prima facie showing of personal jurisdiction to obtain jurisdictional discovery. See id.
The Seventh Circuit’s reasoning in Reimer is persuasive. There, a multiem-ployer pension fund brought suit against two Canadian companies under the Employer Retirement Income Security Act. See id. at 937. The Seventh Circuit held that the- district court did not abuse its discretion in denying jurisdictional discovery for three notable reasons. See id. at 947. First, the plaintiffs evidence only showed that the foreign defendants were affiliated with a U.S. subsidiary. Id. Second, the plaintiff made no showing that corporate formalities were not maintained. Id. Ahd third, the plaintiff could not demonstrate that the defendants exerted an unusually high degree of control over the subsidiary. Id
The same can be said here. Plaintiff-Appellant GCIU-Retirement Fund has produced evidence suggestive of no more than corporate affiliation, which is, of course, insufficient to support a prima fa-cie showing of personal jurisdiction. Having lost on that front, it wants to probe further. The district court acted well within its discretion in denying discovery. We should not substitute our discretion for that of the district court.