## WHITEHEAD v. ATLANTIC LIFE INS. CO. et al.

### Civ. A. No. 2903.

District Court, W. D. Pennsylvania

April 19, 1945.

Max V. Schoonmaker and Valera Grapp, both of Pittsburgh, Pa., and Maurice J. O'Sullivan, of Kansas City, Mo., for plaintiff.

Smith, Buchanan & Ingersoll, Allen T. C. Gordon, and William Booth, all of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

Each defendant has moved to dismiss the complaint for lack of jurisdiction, improper venue, insufficiency of process and insufficiency of service of process under Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. following section 723c. For that purpose the defendants have specially appeared.

The Atlantic Life Insurance Company is a corporation of the State of Virginia and the Bankers National Life Insurance Company is a corporation of New Jersey. The complainant is a resident of Missouri.

Neither of the defendants has an office of its own within the State of Pennsylvania, but each has issued some policies of insurance from its home office pursuant to requests from independent insurance agents in the state. Each, pursuant to the requirements of the Pennsylvania Insurance Law, has appointed the Insurance Commissioner its agent upon whom all process against the Company may be served, and upon such appointment the plaintiff relies as determining the sufficiency of the venue in the instant case. The defendants, on the other hand, contend that the facts alleged in the complaint established neither jurisdiction nor proper venue in this court.

■ The instant action is based upon an alleged infringement of plaintiff's copyright. The plaintiff, as stated, is a citizen and resident of Missouri, and of the defendants, one is a corporation of Virginia and the other of New Jersey. Thus we have an action brought in the Western District of Pennsylvania by a nonresident of the District against other nonresidents, and in which the complaint fails to state that any infringement of the copyright occurred in this District or in Pennsylvania.

The status of the action depends upon the scope to be given the insurance law of Pennsylvania which requires all foreign insurance companies desiring to conduct any part of their business in the state to appoint the Insurance Commissioner as their agent to accept service of process upon them. If, after an insurance company has authorized the Commissioner to accept service of process in its behalf, that authorization enables any nonresident of the District to bring an action in the Federal Court against it, upon a cause of action not connected with the insurance business of the defendant and not alleged to have occurred in the District or in Pennsylvania, then no question can exist as to the propriety of alleging venue in this District. This court, however, finds itself unable to agree with this proposition.

■ The Pennsylvania Insurance Act, by requiring the appointment of the Insurance Commissioner to accept service on behalf of the insurance company, was designed to protect residents of the state in their dealings with the company, but could not have the effect of widening federal jurisdiction. True, it has been held that a federal court in a state having such a statute is a court of the state and the act applies to service of process in that court. But it cannot be held to apply to a federal case, *in the face of objection to the venue,* where none of the causes of action arose in the state or belonged to its resident, and in which the general jurisdiction of the subject matter was wholly in United States Courts. The instant case is one in which a state court would not have jurisdiction even with consent of the defendants. The basis of the action is a law of the United States.

. Attention has been called to Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, and Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U. S. 4, 60 S.Ct. 215, 84 L.Ed. 537. An examination of those cases will disclose that both were based upon diversity of citizenship. In the Neirbo case the opinion stated [308 U.S. 165, 60 S.Ct. 156]: "Since the corporation had consented to be sued in the courts of the state, this Court held that the consent extended to the federal courts sitting in that state. *As to diversity cases, Congress has given the federal courts 'cognizance, concurrent with the courts of the several States.'"* (Our italics.) In the same case is quoted from opinion of Judge Cardozo in Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N.Y. 432, 111 N.E. 1075, L.R.A.1916F, 407, Ann.Cas.1918A, 389, the following: "It (appointment of officer to accept service) does not enlarge or diminish jurisdiction of the subject-matter. It means that, whenever jurisdiction of the subject-matter is present, service on the agent shall give jurisdiction of the person."

In both the Neirbo case and Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., supra, it will appear that the causes of action arose in the state of trial. In the last-mentioned case it is specifically stated that the suit was "upon causes of action arising in that state." [309 U.S. 4, 60 S.Ct. 217.]

The statutory authority for the appointment of the Insurance Commissioner as agent by foreign insurance companies is found in the Act of May 17, 1921, P.L. 682, Article III, § 301, clause (c), 40 P.S. § 421(c) which reads, in part, as follows: "(c) It shall, by a duly executed instrument filed in his office, constitute and appoint the Insurance Commissioner or his successor its true and lawful attorney, upon whom all lawful processes in any action * * * may be served; * * * and that the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this Commonwealth."

The wording of this clause would seem to make it plain that it was designed to take care of the interests of residents of Pennsylvania, and contemplated no action where others were interested or where jurisdiction was lacking in any Pennsylvania court.

■ The appointment of an agent to accept service is for the purpose of securing local jurisdiction in respect of business

transacted within the state. Mitchell Furniture Co. v. Selden Breck Const. Co., 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201; Missouri Pacific R. Co. v. Clarendon Boat Oar Co., 257 U.S. 533, 42 S.Ct. 210, 66 L.Ed. 354; Morris & Co. v. Skandinavia Ins. Co., 279 U.S. 405, 49 S.Ct. 360, 73 L.Ed. 762. See also Dehne v. Hillman Investment Co., 3 Cir., 1940, 110 F.2d 456, 458; Steinberg v. Aetna Fire Ins. Co., D.C., 1943, 50 F.Supp. 438, 439; Glazier v. Van Sant, D.C., 1940, 33 F.Supp. 113.