### RILEY v. KAISER CARGO, Inc.
### Civ. A. No. 6890.

District Court, E. D. Pennsylvania.
June 26, 1947.

436

Samuel J. Marks, of Philadelphia, Pa., for plaintiff.

Harry R. Axelroth, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This case is before the Court on the defendant's motion to dismiss the complaint for want of proper venue.

The plaintiff, who is a citizen of the State of New Jersey, instituted the present action to recover damages for personal injuries against the defendant, which is a corporation existing under the laws of the State of California.

The complaint alleges that jurisdiction is founded on diversity of citizenship. The plaintiff alleges that the defendant owns, operates and controls the premises on which she sustained the injuries for which she seeks to recover. The premises are situated within this district at Bristol, Pennsylvania.

The defendant, in support of its motion to dismiss the complaint, points to the fact that neither the plaintiff nor the defendant is a resident of the Commonwealth of Pennsylvania, and relies upon Section 51 of the Judicial Code, 28 U.S.C.A. § 112, which provides that "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

On the basis of the record which is before me for the purpose of deciding this motion, I think that the defendant's contention must be sustained. It is true that the plaintiff, in her brief in opposition to the present motion, says that the defendant was granted a Certificate of Authority to transact business in this Commonwealth pursuant to the Business Corporation Law of May 5, 1933, P.L. 364, 15 P.S. § 2852—1001 et seq., and, on the basis of this assertion, she relies upon the case of Neirbo Co. v. Bethlehem Shipbuilding Corp. Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, in support of the proposition that the defendant therefore consented to be sued in this district. A copy of the certificate is inserted in the brief. It is unfortunate for the plaintiff that her assertion set forth in her brief as to the defendant's having received this Certificate of Authority was not incorporated into the existing record by allegation in the complaint, by affidavit, or otherwise. Since it was not so incorporated, the Court cannot consider this factor in determining the present motion.

The only possible basis of venue in this district which is disclosed by the present record is the allegation in the complaint that the defendant owns, operates and controls the premises upon which the plaintiff was injured. However, the fact that the defendant owns, operates and controls the premises would not, in my opinion, constitute a waiver by the defendant of its privilege not to be used in this district, a privilege which arises under Section 51 of the Judicial Code, supra. See Robinson v. Coos Bay Pulp Corporation, 3 Cir., 147 F.2d 512.

The defendant's motion to dismiss the complaint is granted, unless within ten days the plaintiff amends her complaint to set forth facts to support venue of this action in this district.