### FERRANTE et al. v. TROJAN POWDER CO.

### Civ. A. No. 6785.

District Court, E. D. Pennsylvania.
July 30, 1947.

Louis F. McCabe, of Philadelphia, Pa., for plaintiffs.

Ronald Souser, of Souser, Schumacker & Taylor, all of Philadelphia, Pa., and James Herbert, of Kirlin, Campbell, Hickox & Keating, all of New York City, for defendant.

GANEY, District Judge.

This is a motion under Rule 12(b) of the Federal Rules of Civil Procedure, as amended, 28 U.S.C.A. following Sec. 723c, to dismiss the complaint for (1) improper venue and (2) insufficient service of process on the defendant.

The plaintiffs, residents of the State of Ohio, and former employees of the defendant, brought this action on behalf of themselves and other similarly situated employees and former employees of the defendant to recover from it alleged unpaid minimum wages and overtime compensation in the amount of Fifteen Million Dollars ($15,000,000.00) and an additional equal amount as liquidated damages under Section 16(b) of the Fair Labor Standards Act[1] of 1938. This court has jurisdiction over the subject matter by virtue of Section 24(8) of the Judicial Code, 28 U.S.C.A. § 41(8). Williams v. Jacksonville Terminal Co., 315 U.S. 386, 390, 62 S.Ct. 659, 86 L.Ed. 914.

The complaint alleges that the place where the breach of the Act by the defendant occurred was at the Plum Brook Ordinance Works in Sandusky, Ohio, which until the early part of 1946 was operated by the defendant for the production of explosives to be shipped out of the State of Ohio. From affidavits submitted by the defendant in connection with its motion, it is learned that the defendant is a corporation organized and existing under the laws of the

[1] Act of June 25, 1938, C. 676, Secs. 1–19, 52 Stat. 1060–1069, as amended, 29 U.S.C.A. §§ 201–219.

State of New York; that it has its principal office and does business in the Eastern District of Pennsylvania, the district of this court; and that service on it was made by the United States Marshal who served the summons and complaint on the assistant general manager in charge, for the time being, of its office in Allentown, Pennsylvania. It does not appear in the complaint or the motion to dismiss and its supporting affidavits that the defendant has procured a certificate of authority[2] to do local business in the State of Pennsylvania pursuant to Article 10 of the Pennsylvania Business Corporation Law[3] of 1933, or that the acts which are the basis of the cause of action have arisen out of any business conducted by the defendant in Pennsylvania or to have had any relation to any corporate act performed in that state.

The federal general venue act, Section 51 of the Judicial Code, 28 U.S.C.A. § 112, except in cases not relevant here, provides: "* * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; * * *". Within the meaning of this section, a corporation can be an inhabitant only of the state in which it has been incorporated.[4] The section affords the defendant a personal privilege, which it may assert or waive at its election, of being sued in the place provided therein. Ex parte Schollinberger, 1877, 96 U.S. 369, 378, 24 L.Ed. 853; Lee v. Chesapeake & Ohio R. Co., 260 U.S. 653, 655, 43 S.Ct. 230, 67 L.Ed. 443. A foreign corporation which complies with the laws of the state in which it desires to do local business by appointing an agent within that state on whom process may be served, relinquishes the privilege to raise the question of venue in the federal courts within that state when service is had on the designated agent. Neirbo v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. But merely because a foreign corporation does local business within the State of Pennsylvania does not of itself constitute a waiver of its personal privilege to raise the question of venue; it must appoint an agent in Pennsylvania on whom process may be served in accordance with Pennsylvania law[5]. Robinson v. Coos Bay Pulp Corp., 3 Cir., 147 F.2d 512. As has been previously noted, neither the complaint nor the motion to dismiss and its accompanying affidavits indicate that the defendant has done any act which amounted to the appointing of an agent to receive process on its behalf in Pennsylvania pursuant to state law. For this reason we could proceed no further in the matter and sustain the motion to dismiss unless the plaintiffs amend the complaint to set forth facts to show that the defendant has waived its privilege to object to the venue. See Riley v. Kaiser Cargo, Inc., D.C.E.D.Pa., 72 F.Supp. 435. However, as will be seen later, since no useful purpose will be accomplished in this particular case by following this otherwise practicable procedure, we shall assume, for the purpose of this motion, that the defendant has complied with the pertinent sections of Article 10 of the Pennsylvania Business Corporation Law of 1933 and has thereby appointed the Secretary of the Commonwealth as its agent on whom process may be served.

In support of its contention that the venue is improper, the defendant points out that since this action is brought under a federal statute, and the cause of action, if any, did not arise out of any transaction or business of the defendant in Pennsylvania, the rule set forth in the Neirbo Case

---

[2] In its brief the defendant admits that it has procured a certificate of authority to do local business in Pennsylvania, and also states that during the war period it operated the government-owned Plum Brook Ordinance Work on behalf of the United States pursuant to a cost-plus-a-fixed-fee contract.

[3] Act of May 5, 1933, P.L. 364, Secs. 1001–1015, as amended, 15 P.S. §§ 2852—1001 to 2852—1015.

[4] Bank of Augusta v. Earle, 1839, 13 Pet. 519, 38 U.S. 519, 588, 10 L.Ed. 274; Lafayette Ins. Co. v. French, 1856, 18 How. 404, 59 U.S. 404, 15 L.Ed. 451; Baltimore & Ohio Railroad Company v. Harris, 1870, 12 Wall. 65, 79 U.S. 65, 81, 82, 20 L.Ed. 354.

[5] To like effect, see: Cummer-Graham Co. v. Straight Side Basket Corp., 9 Cir., 136 F.2d 828; Moss v. Atlantic Line R. Co., 2 Cir., 149 F.2d 701.

is not applicable to this action. Even though jurisdiction in the Neirbo Case was based on diversity of citizenship, the rule in that case is applicable equally to causes of action arising under the laws of the United States. In re Keasbey & Mattison Co., 1895, 160 U.S. 221, 229, 16 S.Ct. 273, 40 L.Ed. 402; Dehne v. Hillman Investment Co., 3 Cir., 110 F.2d 456; Ward v. Studebaker Sales Corp., 3 Cir., 113 F.2d 567; Beard v. Continental Oil Co., D.C. E.D.La., 42 F.Supp. 310; Barrett v. National Malleable & Steel Casting Co., D.C. E.D.Pa., 68 F.Supp. 410.

Where a waiver of the place to be sued is based on compliance with a state law, the extent of that waiver should not be considered to be greater than that which the state courts have construed it to be, or in the absence of a state court's interpretation of the law on the point in question, the tenor of the law. Robert Mitchell Furniture Co. v. Selden Breck Const. Co., 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201; Louisville & Nashville R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711. Obviously cases construing similar statutes in other jurisdictions may have a persuasive effect but are not controlling in this court [6].

Section 1004 of the Pennsylvania Business Corporation Law of 1933, as amended, 15 P.S. § 2852—1004 provides that an application by a foreign corporation for a certificate of authority shall set forth: * * * "(6) A designation of the Secretary of the Commonwealth and his successor in office as the true and lawful attorney of the corporation upon whom all lawful process in *any action* or proceeding against it may be served, that the service of process upon the Secretary of the Commonwealth shall be of the same legal force and validity as if served on the corporation, and that the authority for such service of

process shall continue in force as long as any liability remains outstanding against the corporation in this commonwealth".[7] (Emphasis supplied).

There is no provision in this section or elsewhere in the law to indicate that "Any action" includes or does not include an action arising outside the Commonwealth of Pennsylvania [8]. The Pennsylvania State Courts have not interpreted this section with respect to a fact situation that obtains in the case before us. However, it seems to us that in Openbrier v. General Mills, Inc., 1940, 340 Pa. 167, 16 A.2d 379, the Supreme Court of Pennsylvania has decided indirectly that the serving of process on the Secretary of the Commonwealth would not be proper service on a foreign corporation which had procured a certificate of authority to do local business in Pennsylvania for a cause of action arising outside of Pennsylvania. Also see Alpha Claude Neon Corp. v. Pennsylvania Distilling Co., Inc., 1936, 325 Pa. 140, 188 A. 825. In the absence of a State Court holding to the contrary, we should interpret the words "any action" as not to include an action arising outside of Pennsylvania. But compare Monroe v. Merchant, E.D.Pa. 1942, 48 F.Supp. 84.

For additional support we may advert to Section 301(c) of the Pennsylvania Insurance Company Law of 1921, which we believe should be interpreted the same as Section 1004(6) of the Pennsylvania Business Corporation Law of 1933. In the absence of a state court's decision on the point in question concerning that section of the law, the Federal District Courts for the Eastern and Western Districts of Pennsylvania have refused to construe the words "any action" to constitute a waiver of the privilege of raising the question of venue on the part of a foreign insurance company which had complied with the law by ap-

---

[6] See 18 Fletcher, Cyclopedia of Corporations Sec. 8653.

[7] An identical provision is contained in Section 904(5) of the Pennsylvania Nonprofit Corporation Law of 1933, P.L. 289, Art. IX as amended, 15 P.S. § 2851—904(5). Section 301(c) of the Pennsylvania Insurance Company Law of 1921, P.L. 682, art. III. as amended, 40 P.S.

§ 421(c) contains a similar provision as did Sec. 2 of the Act of June 8, 1911, P. L. 710, 15 P.S. § 3142, which was repealed by the Act of 1933.

[8] Compare Section 5 of the Act of June 24, 1939, P.L. 748, as re-enacted and amended by Act of July 10, 1941, P.L. 317, sec. 1, 70 P.S. § 35.

pointing the Insurance Commissioner as its agent on whom process may be served with respect to causes of action arising outside the territorial limits of Pennsylvania. See Steinberg v. Aetna Fire Ins. Co., D.C. E.D.Pa.1943, 50 F.Supp. 438 and cases cited therein; Whitehead v. Atlantic Life Ins. Co., D.C.W.D.Pa.1945, 60 F.Supp. 255. We think the policy set forth in these cases should be followed by us in the instant case. Since we must hold that the venue is improper, the question concerning whether the defendant has been properly served need not be discussed.

Accordingly, the motion to dismiss the complaint for want of venue is sustained.