Tracy **LIPP**, a minor by his guardian, Edythe O. **HOLLINGER**

v.

James **JANSON** and Sharon Straus and Robert Straus.

Civ. A. No. 29304.

United States District Court
E. D. Pennsylvania.

Sept. 21, 1961

John F. Naulty, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendants.

JOHN W. LORD, JR., District Judge.

Defendants, Sharon Straus and Robert Straus (hereinafter referred to as "Straus"), are before the Court on their motion to dismiss because of improper venue. This action was instituted to re-cover for injuries sustained by plaintiff's ward in an automobile accident in Lower Merion Township, Pennsylvania on April 16, 1959. Between the date of the accident and the date of the institution of this action on March 1, 1961, defendants Straus had removed their residence from Pennsylvania to the Northern District of Illinois; their affidavit establishing continuous residence in the latter state from October of 1959. This is not contradicted.

Plaintiff guardian is a resident of New Jersey. Defendant Janson is a resident of Pennsylvania. Service of process was made upon defendants Straus pursuant to the Pennsylvania Service of Process upon Non-Resident Motorists Act. Act of May 14, 1929, P.L. 1721, No. 563, Sec. 1, as amended, 75 P.S. § 2001. Defendants Straus were notified of the pendency of the action by the Secretary of the Commonwealth as in other instances where non-resident motorists are involved in accidents on Pennsylvania highways.

The issue for this Court to decide is whether the action should be dismissed as to defendants Straus because of improper venue in the Eastern District of Pennsylvania.

Venue in the instant case is prescribed specifically by the Judicial Code.

> "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, *be brought only in the judicial district where all plaintiffs or all defendants reside.*" Section 1391(a) of Title 28 U.S.C.A. (Emphasis supplied.)

First, the plaintiff's contention that venue is proper since defendants Straus were Pennsylvania residents at the time of the accident is without merit. Residence under 28 U.S.C.A. § 1391(a) must be determined as of the time of the commencement of the action, not upon the prior happening of the occurrence on which the action is based. Venue relates to the convenience of the litigants. Panhandle Eastern Pipe Line

Co. v. Federal Power Commission, 1945, 324 U.S. 635, 65 S.Ct. 821, 89 L.Ed. 1241. The venue provision confers upon the defendant a personal privilege not to be sued in a district other than that wherein he resides where, as here, the plaintiff is not suing in his judicial district. Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167. The purpose of this protection is to save the defendant from the inconveniences to which he might be subjected if he could be compelled to answer in any district. General Inv. Co. v. Lake Shore & Michigan So. Ry. Co., 1922, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244. Accordingly, the residency in Illinois of the defendants Straus at the time of the institution of the suit must be determinative of their rights to object to improper venue, not their prior residency in Pennsylvania. Otherwise the protection of 28 U.S.C.A. § 1391(a) would be a nullity in a mobile society such as ours where several changes of residency may have taken place between the time of the accident and a possible action to recover thereon.

Second, the relationship of non-resident motorists statutes to the Federal venue statute has been decided by the United States Supreme Court. In Olberding v. Illinois Central Railroad Co., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, the Court had before it for decision a situation similar to that in the instant case. A plaintiff, who was not a resident of the judicial district in which suit was brought, sued a defendant who, also, was not a resident of the same judicial district; service being made upon the defendant under the provisions of a non-resident motorists statute similar to the one in the instant case. The District Court was reversed for not allowing the defendant's motion to dismiss because of improper venue. Mr. Justice Frankfurter, speaking for the majority, held that the defendant could invoke the protection given him under 28 U.S.C.A. § 1391(a), notwithstanding personal jurisdiction under the non-residents motorist act (346 U.S. at page 340, 74 S.Ct. at page 85):

" * * * The requirement of venue [28 U.S.C.A. § 1391(a)] is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction."

Plaintiff in this case contends that Giffin v. Ensign, 3 Cir., 1956, 234 F.2d 307 proscribes our power to dismiss because of improper venue where the out-of-state defendant was served process pursuant to the Pennsylvania Non-Resident Motorists Act. This case is distinguishable from the instant case. In Giffin the plaintiffs sued in their judicial district; the defendants, individual and foreign corporations, were served by notice from the Secretary of Commonwealth. The Court of Appeals held that service under non-resident motorists act was valid. The court in Giffin did not have the question of propriety of venue before it since 28 U.S.C.A. § 1391(a) was satisfied by the plaintiffs' residency. This decision in no way affected the power of a defendant to dismiss if improper venue is present. See 70 Harv. L.Rev. 729, at p. 730.

The motion to dismiss of defendants Straus because of improper venue must be granted for this Court is constrained to follow Olberding, supra, which demands that 28 U.S.C.A. § 1391(a) be strictly followed; dismissal to be granted if its venue requirements are not fulfilled. See also Drapkin v. Keene, D.C. S.D.N.Y.1955, 128 F.Supp. 182; Dibble v. Cresse, 5 Cir., 1959, 271 F.2d 426; Barnett v. Warner, D.C.W.D.Pa.1959, 179 F.Supp. 64.

Accordingly, it is hereby ordered that the Motion to Dismiss of the defendants Straus be and the same is granted.