Robert W. **ANDERSON**, Plaintiff,

v.

**UNITED STATES and Norfolk Dredging Company**, Defendants.

Civ. A. No. 31849.

United States District Court
E. D. Pennsylvania.

Aug. 30, 1963.

———◆———

Dilworth, Paxson, Kalish, Kohn & Dilks, Harold E. Kohn, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, John J. Guilfoyle, Jr., Philadelphia, Pa., for Norfolk Dredging Co., Baird, Crenshaw & Ware, Norfolk, Va., of counsel.

Drew J. T. O'Keefe, U. S. Atty., Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa., for United States.

KRAFT, District Judge.

Following our opinion and order of May 28, 1963, 217 F.Supp. 814, plaintiff filed an amended complaint, and the case is now before us on motion of defendant, Norfolk Dredging Company (Norfolk), to dismiss the amended complaint, and plaintiff's motion for summary judgment against Norfolk on the issue of liability.

We call attention at the outset to what is obviously an inadvertence in the jurisdictional allegations in Count 1 of the amended complaint. It is averred in paragraph 2 that Norfolk "is a cor-

poration organized and existing under the laws of the Commonwealth of Pennsylvania." We assume that plaintiff means the Commonwealth of Virginia. Plaintiff will be granted leave to amend, if he so desires.

In support of its motion to dismiss, Norfolk alleges improper service of the amended complaint. Service was made in strict compliance with Rule 5(b) of the Federal Rules of Civil Procedure, and Norfolk's objection is clearly without merit.

Norfolk next challenges the jurisdiction of the Court over its person, a question which was raised but not passed upon in earlier phases of the case. Specifically, Norfolk contends that there was no legal authority for service of process through the Secretary of the Commonwealth of Pennsylvania.

Service here was made in the manner prescribed by § 1011A of the Pennsylvania Business Corporation Law, as amended, 15 P.S. § 2852–1011A, regulating service of process against a "qualified foreign business corporation". See Rule 4(d) (7) of the Federal Rules of Civil Procedure.

Norfolk contends that the provisions of § 1011A have no application to it for the following reasons alleged in an affidavit of its vice-president, A. Lee Smith.

On August 11, 1949, Norfolk obtained a certificate of authority to do business in Pennsylvania, to enable it to bid on a dredging contract for proposed improvements in the Schuylkill River within the borders of that State. The application for the certificate of authority designated the Abraham Lincoln Hotel, Reading, Pa., as Norfolk's office in Pennsylvania. Norfolk was unsuccessful in its bid on the dredging contract, "and since that date has not returned nor made further attempt to obtain contracts within the Commonwealth of Pennsylvania". Norfolk has taken no action to maintain a current certificate of authority to transact business within Pennsylvania, nor has it surrendered or taken action to revoke the certificate theretofore issued. Norfolk "does not now, nor has it to this affiant's knowledge, maintained an office or agent within the Commonwealth of Pennsylvania, and does not own any real or personal property within that State, and has no contacts whatsoever with the Commonwealth of Pennsylvania".

Briefly stated, Norfolk takes the position that, even though it has not surrendered or taken action to revoke its certificate of authority, it is not subject to service of process as a qualified foreign business corporation because it has never availed itself, except for the one instance, of the privilege afforded by the certificate of authority. We think Norfolk's contention is untenable.

Norfolk relies upon the following language in § 1011A:

"The service of process on the Secretary of the Commonwealth, under this section, shall be of the same legal force and validity as if the process had been served on the corporation, and the authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in the Commonwealth."

Norfolk argues that there can be no liability outstanding against it in the Commonwealth because it has not done business within the Commonwealth. We think Norfolk takes too narrow and constricted a view of the language. Read in context with other provisions of the law, the obvious meaning is that once a corporation has registered, it is subject to service of process as long as any liability remains outstanding here, even though its registration may have been terminated.

Section 1004, 15 P.S. § 2582–1004, provides, inter alia, that the application for a certificate of authority shall set forth:

"(6) A designation of the Secretary of the Commonwealth and his successor in office as the true and lawful attorney of the corporation

upon whom all lawful process in any action or proceeding against it may be served, that the service of process upon the Secretary of the Commonwealth shall be of the same legal force and validity as if served on the corporation, and that the authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in this Commonwealth."

Section 1015, 15 P.S. § 2852–1015, provides that a foreign business corporation may withdraw from doing business and surrender its certificate of authority by filing with the Department of State an application for a certificate of withdrawal, which shall set forth:

"(4) A statement that it revokes its designation of the Secretary of the Commonwealth as the person on whom process against it may be served in this Commonwealth.

\*   \*   \*   \*   \*   \*

"(6) A statement that it consents that process against it in an action or proceeding upon any liability or obligation incurred within this Commonwealth before the issuance of the certificate of withdrawal may be served upon the Secretary of the Commonwealth after the filing of such certificate."

■ The plain meaning of these provisions is that a designation of the Secretary as attorney to receive service of process is a prerequisite to the issuance of a certificate of authority, and that such agency continues until it is revoked by the issuance of a certificate of withdrawal and *thereafter* "as long as any liability remains outstanding against the corporation in this Commonwealth."

■ Since Norfolk, concededly, has taken no action to surrender its certificate of authority, its designation of the Secretary of State to receive service of process remains in full force and effect. It follows that the service on Norfolk was valid and in all respects in accordance with law.

■■ We turn to plaintiff's motion for summary judgment against Norfolk on the issue of liability. As we indicated in our former opinion, this litigation has been unnecessarily protracted in view of the plain and simple issues involved. However, we still cannot say that the record discloses no genuine issue as to any material fact. We must look at the record in the light most favorable to Norfolk, the party opposing the motion. Poller v. Columbia Broadcasting System, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed. 2d 458 (1962). Plaintiff's motion for summary judgment will, therefore, be denied.