**Roberta HERPST, a minor, by her parent and natural guardian, Robert W. Herpst and Robert W. Herpst, Individually**

v.

**S. B. I. LIQUIDATING CORPORATION.**

Civ. A. No. 41989.

United States District Court
E. D. Pennsylvania.

Feb. 7, 1968.

John M. Demcisak, of Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiff.

Victor L. Drexel, of Pepper, Hamilton & Sheetz, Philadelphia, Pa., for defendant.

## OPINION AND ORDER
## SUR DEFENDANT'S MOTION
## TO DISMISS

JOHN MORGAN DAVIS, District Judge.

On January 26, 1967, the plaintiff filed a complaint in this District with jurisdiction based on diversity of citizenship for damages resulting from an accident which transpired in Houston, Texas, involving a motor vehicle owned by the defendant, and allegedly operated by one of its agents. Although the complaint and summons were lodged in a timely manner on February 1, 1967, with the United States Marshal, service upon the Secretary of the Commonwealth in accordance with the Pennsylvania Corporation Code[1] was not completed until March 20, 1967. In the interim, on February 23, 1967, the defendant had filed a certificate of withdrawal from doing business in Pennsylvania.[2] However, prior to filing a certificate of withdrawal from doing business in the Commonwealth the corporation must certify that:

\* \* \* [I]t consents that process against it in an action or proceeding upon *any liability or obligation incurred within this Commonwealth* before the issuance of the certificate of withdrawal may be served upon the Secretary of the Commonwealth after the filing of such certificate. (emphasis added).[3]

In this action, it must be determined whether service of process under the circumstances herein presented was in accord with Section 2011(a) of the Pennsylvania Corporate code and whether the requirements of the Federal venue statute, 28 U.S.C.A. § 1391 have been fulfilled.[4]

---

1. 15 P.S.Pa. § 2011(a), states, in relevant part:
 Service of process against a qualified foreign business corporation, upon the Secretary of the Commonwealth \* \* \* The service of process \* \* \* shall be of the same legal force and validity as if process had been served on the corporation, and the authority for such service of process shall continue in force as long as any liability remains outstanding against the Corporation in the Commonwealth. Where process is issued \* \* \* by any court of the United States empowered to issue such process by the laws of the United States, the Secretary of the Commonwealth is authorized to receive such process \* \* \*

2. In addition, service was made upon the Corporation Trust Company, Philadelphia, on March 17, 1967 as an alternative means of service of process. But since Corporation Trust has ceased operating as the defendant's agent over 7 months before the complaint was filed, service thereon was not valid. This position is not contested by the plaintiff, who is relying on service upon the Secretary of the Commonwealth, to establish compliance with F.R.Civ.P. 4.

3. 15 P.S.Pa. § 2015, subd. A(6).

4. Although jurisdiction is based on diversity of citizenship, there is no question that the requirements of the diversity statute, 28 U.S.C. § 1332 have been fulfilled. Diversity is determined as of the commencement of the action. McNello v. John B. Kelly, Inc., 283 F.2d 96 (3rd Cir., 1960); Wright, Federal Courts, p. 79. A civil action is commenced by filing a complaint. F.R.Civ.P. 3. As of the time the complaint was filed, the plaintiff had established citizenship in Pennsylvania, although at the time of the accident, the plaintiff was apparently a citizen of Texas.

## VENUE

Section 1391(c) of the Judicial Code provides that venue is proper in a suit against a corporation in any judicial district where it is either incorporated, licensed to do business, or is actually engaged in business within the state. The defendant S. B. I. Liquidating Corporation (and its predecessor, Sunshine Biscuits, Inc.) was neither incorporated in Pennsylvania, nor was actually engaged in business within the State. However, it was licensed to do business within the Commonwealth from 1933 until February 23, 1967, about one month after the complaint was filed, but also about one month *before* service of process was effected upon the Secretary of the Commonwealth.

 It is the accepted rule that a party may consent to be sued by waiver of what would otherwise be considered improper venue. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); Dehne v. Hillman Investment Co., 110 F.2d 456 (3rd Cir. 1940). This waiver may take the form of expressly designating an officer of the state as the corporate agent for the purpose of receipt of service of process. Marshall v. Mole Constructors, 193 F.Supp. 617 (W.D.Pa.1961). In this case, the defendant filed a certificate of withdrawal on February 23, 1967 which, by operation of 15 P.S.Pa. § 2015(a) cited above, constituted certification that it consented to service of process on its behalf, upon the Secretary of the Commonwealth. Certification in accordance with this provision of the Pennsylvania Corporate Code has been construed to constitute an effective, express waiver of any objection to improper venue in Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 230 F.2d 511 (3rd Cir. 1956), following the decision in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S. Ct. 153, 84 L.Ed. 167 (1939) that a corporation, by consenting to suit in the courts of a state by designation of an agent for receipt of service of process has waived any Federal venue objections.

 However, in determining whether an effective waiver has transpired, we are obliged to examine whether the conditions upon which the consent to substituted service of process (and therefore venue) have been fulfilled. Louisville & Nashville R. R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 U.Ed. 711 (1929); Ferrante v. Trojan Powder Co., 79 F. Supp. 502 (E.D.Pa.1947). Section 2015, subd. A(6) of the Pennsylvania Corporate Code, cited above, reveals the existence of such a condition: The corporation must consent to service of process "in an action or proceeding *upon any liability or obligation incurred within the Commonwealth * * * *"* (emphasis added). Here, the accident for which damages are sought transpired in Texas. The plaintiff has indicated that she was not even a citizen of Pennsylvania at that time, but moved to Pennsylvania in October of 1965, seven and one-half months afterward. Consequently, although there is no real question regarding the adequacy of personal jurisdiction over the plaintiff, the validity of the waiver of venue requires additional analysis.

 A similar situation was present in Carlisle v. Kelly Pile & Foundation Corp., 175 F.2d 414 (3rd Cir. 1948) where a New Jersey plaintiff instituted suit in this Court against a New York corporation for acts of negligence which transpired in Delaware. The defendant corporation has registered in Pennsylvania in accordance with the Corporate Code, designating the Secretary of the Commonwealth as agent for receipt of service of process. The District Court dismissed the complaint on the basis of improper jurisdiction and venue, since "the tort which is alleged as the basis of this action did not occur in Pennsylvania." [5] In reversing, the Circuit Court relied *inter alia* upon *Neirbo* and *Dehne,* supra, observing that the designation of the Secretary effectively waived any objections to venue, notwithstanding that

---

5. Carlisle v. Kelly Pile & Foundation Corp., 77 F.Supp. 51 (E.D.Pa. 1948).

the tortious conduct took place outside the state. Similarly, in Anderson v. United States, 220 F.Supp. 769 (E.D.Pa. 1963) a Pennsylvania plaintiff sued a Virginia Corporation for a tort which took place in Maryland. Although the defendant had never transacted business in Pennsylvania, a certificate of authority to do business had been previously filed. The Court construed the language of the Corporate Code providing for service on the Secretary for any "liability or obligation incurred within the Commonwealth" as providing an adequate basis for prosecuting the lawsuit in the District Court for the Eastern District of Pennsylvania. Relying upon the precedents of *Anderson* and *Carlisle*, supra, we must conclude that the venue provision of 28 U.S.C. § 1391 has been effectively waived under the circumstances herein presented.

There is an alternative theory upon which the same conclusion may be reached. Prior decisions have held that the requisites of jurisdiction and of venue are determined as of the time that the lawsuit is commenced. Lipp v. Janson, 198 F.Supp. 195 (E.D.Pa.1961); Proler Steel Corp. v. Luria Bros., 225 F.Supp. 412 (S.D.Tex.1964); Stern Fish Co. v. Century Seafoods, Inc., 254 F.Supp. 151 (E.D.Pa.1966); City of Philadelphia v. Morton Salt Co., 248 F.Supp. 506 (E.D.Pa.1967) [6]. Under Rule 3 of the Federal Rules, "A civil action is commenced by filing a complaint with the court". Here, at the time the complaint was filed on January 26, 1967, the defendant had not yet filed a certificate of withdrawal; this was not accomplished until February 23, 1967. Consequently, we may conclude that venue in this District was proper as of the time the action was commenced.

## SERVICE OF PROCESS

Federal Rule 4(d) (3) and (7) essentially provides that service of process may be made upon a domestic or foreign corporation by delivering a copy of the summons and complaint to any agent authorized by law (either Federal or State) to receive service of process. The previously-cited cases of Carlisle v. Kelly Pile & Foundation Corp. and Sunbury Wire Rope Mfg. Co. v. United States Steel Corp. have also examined and approved the application of the "long-arm" provision of the Pennsylvania Corporate Code, wherein a corporation consents that service of process may be effected upon the Secretary of the Commonwealth, as the corporate agent. *Sunbury*, supra, specifically construed the "continuing liability" provision where service upon the Secretary was effected after the defendant corporation has withdrawn its registration prior to the "commencement of the suit," i. e., filing a complaint.[7] The foregoing analysis leads to the conclusion that the "long-arm" provision of the Pennsylvania Corporate Code authorizes service upon the Secretary of the Commonwealth notwithstanding that the corporation has withdrawn its certificate of doing business before service of process was effected, where the complaint was filed before the date of withdrawal. Furthermore, we hold that the transitory nature of the plain-

---

6. *Lipp* construed the Federal venue statute as applied to the Pennsylvania Non-Resident Motorists Statute. Both *Stern* and *Morton Salt* involved the venue provision of Section 12 of the Clayton Act, which is quite similar to the general venue statute in this respect. *Proler* involved the validity of jurisdiction and venue, pursuant to the Declaratory Judgment Act.

7. *Sunbury*, supra, was an antitrust action in which a Pennsylvania corporation brought suit, inter alia, against a New Jersey corporation. The defendant has been duly registered in Pennsylvania, and was also doing business in the Commonwealth at the time of the commission of the anti-competitive conduct for which suit was brought. But the defendant has withdrawn its registration prior to commencement of the suit. Service of process upon the Secretary of the Commonwealth was held valid under the corporate long-arm statute previously discussed above.

tiff's cause of action does not detract from the application of the aforementioned statute.

Accordingly, the defendant's motion to dismiss under Rule 12(b) is denied.