FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

OLOYEA D. WALLIN,

      Plaintiff-Appellant,

v.

F. DYCUS, et al.,

      Defendants-Appellees.

No. 04-1097
(District of Colorado)
(D.C. No. 03-WM-174 (MJW))

---

OLOYEA D. WALLIN,

      Plaintiff-Appellant,

v.

MS. HILL, et al.,

      Defendants-Appellees.

No. 05-1439
(District of Colorado)
(D.C. No. 03-WM-280 (MJW))

---

**ORDER**

---

Before **MURPHY, SEYMOUR** and **McCONNELL**, Circuit Judges.

---

These appeals are before the court, on our own motion, to recall the mandate and

to reissue an amended decision. The court's decision in these matters issued originally on

September 11, 2006, and was reissued on a *sua sponte* grant of rehearing on February 23,

2007.

The February 23, 2007 Order & Judgment contained, however, a significant typographical error. On page 8 of our decision, we vacated that portion of the district court's opinion dismissing Mr. Wallin's federal claims against defendants Gilbert, Domenico, Traub, Bair, Fuchs, Wederiski, Brill, CCA and Dycus. We did so based on *Jones v. Bock*, 127 S.Ct. 910 (2007). We remanded those claims back to the district court for further proceedings.

The final dispositional paragraph did not, however, mention the remand. Rather, that language affirmed the judgment of the district court. The attached amended Order & Judgment corrects the clerical error. The decision shall reissue nunc pro tunc to February 23, 2007, and the recalled mandate shall reissue forthwith.

Entered for the Court,

ELISABETH A. SHUMAKER
Clerk of Court

-2-

FILED
United States Court of Appeals
Tenth Circuit

**February 23, 2007**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

OLOYEA D. WALLIN,

        Plaintiff-Appellant,

    v.

F. DYCUS, Officer; MR. GILBERT,
Officer; MR. DOMENICO, Officer; MS.
TRAUB, Nurse; MS. BAIR, K.C.C.C.; J.
FUCHS, K.C.C.C.; M. WEDERSKI,
K.C.C.C.; H. BRILL, K.C.C.C. Warden;
MR. BOUJOURNAL, C.D.O.C. Liason;
E. GILLESPIE, C.D.O.C.;
CORRECTIONAL CORPORATIONS
OF AMERICA, (CCA), Mr. John Doe;
COLORADO DEPARTMENT OF
CORRECTIONS, (CDOC); JOE JOE
ORTIZ,

        Defendants-Appellees.
_____

OLOYEA D. WALLIN,

        Plaintiff-Appellant,

    v.

MS. HILL, MR. SLOAN, Assistant
Warden; H. BRILL, Warden; MS.
WEDERSKI; MS. BAIR; MR.
BOUJOURNAL, C.D.O.C.; E.
GILLESPIE, C.D.O.C.; JOHN DOE,
Correctional Corporations of America
(CCA); JOE ORTIZ, Colorado
Department of Corrections; MR.
SAFFER; COLORADO DEPARTMENT

No. 04-1097
(District of Colorado)
(D.C. Nos. 03-WM-174 (MJW))

No. 05-1439
(District of Colorado)
(D.C. Nos. 03-WM-280 (MJW))

OF CORRECTIONS,

Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Plaintiff Oloyea D. Wallin appeals the district court's grant of summary judgment and motion to dismiss. He also appeals the district court's discovery orders. We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM** in part**, VACATE** in part**,** and **REMAND** this matter to the district court for additional proceeding consistent with this decision.

**Factual and Procedural Background**

Mr. Wallin filed two *pro se* lawsuits asserting a variety of claims against personnel and administrators at the Kit Carson Correctional Center, a privately-owned prison operated under contract with the Colorado Department of Corrections ("CDOC"). In his first lawsuit, Mr. Wallin brought claims against individual defendants Domenico, Dycus,

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Circ. R. 32.1.

Gilbert, Traub, Bair, Bongirno, Brill, Fuchs, Gillespie, Oritz, and Wederiski, as well as institutional defendants the Colorado Department of Corrections (CDOC) and the Correctional Corporation of America (CCA). Mr. Wallin alleged that Dycus, a prison guard, "maliciously and sadistically" used excessive force when placing restraints around his wrists. Mr. Wallin further alleged that he suffered injury to his wrists and requested to have medical staff examine his injuries. Despite his requests to various prison personnel, however, no medical staff came to his assistance. Prison guards Dycus and Gilbert denied Mr. Wallin unspecified medication. When Ms. Traub, a nurse at the prison at the time, did her rounds, she provided him with some pain reliever and examined his wrists. She agreed to keep this medical information confidential, but she later shared Mr. Wallin's confidential medical information with Dycus. Defendants Bair (a program manager), Fuchs (a prison personnel officer), and Brill (the warden) were notified of Dycus's acts through Mr. Wallin's use of CDOC's inmate grievance procedure, but they failed to act. Mr. Wallin admitted in deposition that he did not have evidence at the time that Ortiz, the executive director of the CDOC, ever personally reviewed his grievances. Based on these allegations, Mr. Wallin claimed various violations of the Eighth Amendment and Colorado tort law.

The defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6). The magistrate recommended granting the motion in part on August 15, 2003. Mr. Wallin then filed a motion to amend his complaint, which the magistrate denied. After considering Mr. Wallin's objections to the magistrate's recommendation, the district court issued an order

on February 3, 2004 dismissing all claims against the state defendants Oritz, Brill, Borgino, Gillespie, Bair, Fuchs, Wederiski, and some claims against defendants Gilbert, Domenico and Traub on the basis of Mr. Wallin's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Mr. Wallin was given an opportunity to file an amended complaint and was warned that failure to file an amended complaint would result in dismissal of his claims. He did not do so. The district court dismissed his remaining claims without prejudice on December 28, 2004.

Mr. Wallin's second lawsuit involved the alleged denial of access to special clothing required to alleviate a skin condition. He claims that he requested and received certain medical undergarments ("medical whites") from a different facility, but that Assistant Warden Sloan and members of the mailroom staff refused to release the clothing. He submitted informal grievances to Sloan, Brill, Wedorski, Bair, and the CDOC, to no avail. He later sued Sloan and the mailroom staff in connection with this incident, asserting violations of the Eighth Amendment and Colorado state torts of negligence and intentional infliction of emotional distress. He also sued his CDOC grievance officer, Gillespie, for failure to act on his complaint. The defendants filed motions to dismiss.

On March 8, 2004, the district court issued an order dismissing Mr. Wallin's lawsuit against Gillespie for failure to state a § 1983 claim. However, the district court declined to dismiss for failure to state a claim on Mr. Wallin's § 1983 claim against Ortiz.

On summary judgment, the court dismissed the federal claims against all other defendants on the grounds that he failed to show that (1) the officer had acted with deliberate indifference, and (2) he had failed to exhaust his administrative remedies. The court dismissed his state law claim for intentional infliction of emotional distress with prejudice as to all defendants. It dismissed his negligence claim with prejudice as to some defendants, and without prejudice as to others. The court overruled his objections to various discovery orders issued by the magistrate judge.

Mr. Wallin has appealed the dismissal, the summary judgment, and the denial of his objections to the various discovery orders.

### I. Motion to Dismiss

A motion to dismiss is appropriate when it appears beyond doubt that the plaintiff could not prove a set of facts entitling him to relief. *See United States v. Colo. Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996). We review *de novo* the district court's grant of a motion to dismiss. *Id*. "[W]e must accept as true all well-pleaded facts, and construe all reasonable allegations in the light most favorable to the plaintiff." *Id.*

Order of dismissal

The district court dismissed Mr. Wallin's first lawsuit when he failed to file an amended complaint. An action may be dismissed for the party's failure to comply with a judge's order. Fed. R. Civ. P. 41(b). The district court must take reasonable steps to determine whether the party has complied with an order. *See Cosby v. Meadors*, 351 F.3d

1324, 1331 (10th Cir. 2003).

The district court addressed the following factors in deciding whether Mr. Wallin's complaint should be dismissed for failure to comply with its orders:

> (1) actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective.

Order of Dismissal 5 (quoting *Cosby*, 351 F.3d at 1333). Applying these factors, the district court found the defendants' motion to dismiss without prejudice should be granted.[1]

Mr. Wallin argues on appeal that he was confused by some of the judge's orders and did not receive others, and was thus unable to amend his complaint according to the judge's requirements. Further, he states that the defendants were not prejudiced because they were able to participate in discovery. We are not convinced. First, although Mr. Wallin claims he did not receive the court's order requiring him to amend the complaint, this was the fourth order of its type requiring an amended complaint. *See* Doc. No. 90, 101, 105, 126. Second, prejudice resulted not because of the defendants' inability to participate in discovery, as Mr. Wallin suggests, but because many of the defendants had been released by the district court's February 3, 2004 order dismissing all claims against Oritz, Brill, Borgino, Gillespie, Bair, Fuchs, Wederiski, and some claims against Gilbert,

---

[1]Although the dismissal was without prejudice, it is still appealable because the district court dismissed the entire case and not a specific cause of action. *See Bragg v. Reed*, 592 F.2d 1136, 1138 (10th Cir. 1979)*; Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1036 (10th Cir. 1975).

Domenico and Traub. The failure to file an amended complaint resulted in confusion regarding what claims were being asserted against certain parties who had already been released. The district court provided Mr. Wallin a year to provide an amended complaint, and informed him that failure to do so might result in a dismissal of his case. It was thus justified in granting the motion to dismiss under Fed. R. Civ. P. 41(b).

Exhaustion of Administrative Remedies

Mr. Wallin also appeals the district court's dismissal of certain claims for failure to exhaust administrative remedies as required by the PLRA. The court found that Mr. Wallin had exhausted his administrative remedies only with respect to his first and sixth causes of action, and then only as to defendant Dycus. Accordingly, the court dismissed all of Mr. Wallin's federal claims against defendants Gilbert, Domenico, Traub, Bair, Fuchs, Wederiski, Brill, and CCA for failure to exhaust. As to defendant Dycus, the court dismissed all of Mr. Wallin's federal claims except for Claim One, alleging excessive force, and Claim Six, alleging denial of medication.

Subsequent to the district court's order, the Supreme Court held that our precedent on which the district court relied incorrectly interpreted the PLRA's exhaustion requirement. In *Jones v. Bock*, 127 S. Ct. 910, 921 (2007), the Court held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." This holding overruled our decision in *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), the decision that formed the basis of the district court's opinion.

In light of this intervening precedent, we vacate that portion of the district court's opinion dismissing Mr. Wallin's federal claims against defendants Gilbert, Domenico, Traub, Bair, Fuchs, Wederiski, Brill, CCA, and Dycus due to Mr. Wallin's failure to plead exhaustion, and we remand for further proceedings consistent with the Supreme Court's opinion in *Jones v. Bock*. The district court is, of course, free to consider motions from these parties that properly raise Mr. Wallin's failure to exhaust as an affirmative defense.

## II. Summary Judgment

In Mr. Wallin's second suit, the district court ruled against him on several issues. We review *de novo* the district court's grant of summary judgment in favor of the defendants. *See Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 466 n.10 (1992). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Cruel and Unusual Punishment

The district court held that the alleged deprivation of hygiene items would not be a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. To support such an Eighth Amendment claim, a deprivation must be sufficiently serious, denying the "minimal civilized measure of life's necessities" and resulting in substantial harm. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Moreover, the responsible official must have a sufficiently culpable state of mind; generally, the official must act with

deliberate indifference to the inmate's needs and welfare. *Mitchell v. Maynard*, 80 F.3d 1433, 1441-42 (10th Cir. 1996).

The district court found that the Eighth Amendment was not violated because: (1) Mr. Wallin did not establish that his condition was exacerbated by the postponed delivery of his medical whites; and (2) the defendants supplied creams, lotions, a special detergent, and prescription medication, demonstrating that they did not act with deliberate indifference. We agree with the reasons stated by the district court, and affirm the summary judgment dismissal of the Eighth Amendment claims against Bair, Brill, Hill Saffer, Sloan, Wederiski, Bongirno, CDOC,[2] and Ortiz.[3]

### Timely Notice under the Colorado Government Immunity Act

According to Colo. Rev. Stat. § 24-10-109, any person bringing a tort claim against the state, a state agency, or a state employee must comply with the notice requirements of the Colorado Government Immunity Act ("CGIA"). "[T]he failure to substantially comply with the notice of claim provision is a complete defense to any action subject to § 24-10-109 C.R.S." *State Personnel Bd. v. Lloyd*, 752 P.2d 559, 562 (Colo. 1988). The notice of claim provision requires "[a]ny person claiming to have suffered an injury . . . . shall file a written notice as provided in this section within one

_____

[2]It was unclear to the district court whether CDOC was actually a named party to the complaint. To the degree that it was, we affirm in its favor.

[3]The district court also held that, in the alternative, these defendants were entitled to a dismissal of Mr. Wallin's Eighth Amendment claim because Mr. Wallin failed to plead that he had exhausted his administrative remedies. Because we affirm the merits of the district court's opinion, we do not reach this alternative holding.

hundred eighty days after the date of the discovery of the injury."  Col. Rev. Stat. § 24-10-109(1).

Mr. Wallin brought claims for negligence and intentional infliction of emotional distress, which require compliance with the notice requirements of the CGIA.  The district court found that Mr. Wallin was required to file his notice of claim no later than September 25, 2002, because the injury occurred in February when he was denied medical treatment.  Mr. Wallin argues that the injury did not occur until September 11, 2002, when the grievance officer stated he would not help to obtain the medical clothing.  Mr. Wallin states that he sent his notice of claim on March 12, 2003, and the defendants received the claim on March 24, 2003.  Even if the Court were to accept Mr. Wallin's argument regarding when the injury occurred, his claim would still fail because the deadline for notice under the CGIA would have been March 10, 2003–180 days after September 11, 2002.  The district court was therefore correct to grant summary judgment under the CGIA with regard to the state law claims against Bongirno, CDOC,[4] Ortiz, and Gillespie.

Intentional Infliction of Emotional Distress

The district court found that Mr. Wallin had failed to provide evidence that the defendants committed outrageous conduct sufficient to support a claim of Intentional Infliction of Emotional Distress ("IIED").  In Colorado, IIED requires extreme and outrageous conduct that "goes 'beyond all possible bounds of decency, and [is] regarded

---

[4]*See supra* footnote 2.

-10-

as atrocious, and utterly intolerable in a civilized community.'" *Riske v. King Soopers*, 366 F.3d 1085, 1089 (10th Cir. 2004) (quoting *Rugg v. McCarty*, 476 P.2d 753, 756 (Colo. 1970)). It is the district court's role to determine whether a plaintiff's claim meets this standard. *Id.* In making this determination, the district court stated:

> Wallin argues that the defendants knew he was suffering rashes, irritation, scars, and bleeding because of his skin condition, but they failed to do anything other than offer him pain pills, and refused to provide his medical clothing. However, the undisputed facts establish that defendants provided Wallin with other treatments, including prescribed creams, ointments, and prescription medication, as well as a special detergent to wash his clothes. Under these circumstances, I agree with Magistrate Judge Watanabe that reasonable people would have to agree that the defendants' conduct was not outrageous.

R. Doc. 291 at 19-20 (footnote omitted). Reasonable people might believe that Mr. Wallin was treated poorly, but we agree with the district court that a reasonable person would not consider the defendants' conduct outrageous or beyond all possible bounds of decency. The district court's dismissal of these charges is affirmed.

## Supplemental Jurisdiction

The district court declined to exercise supplemental jurisdiction over some of Mr. Wallin's negligence claims on the grounds that there were unresolved issues of state law raised which would be better resolved by the state courts. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the claim raises a novel or complex issue of State law." 28 U.S.C. 1367(c)(1); *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995) (declining to decide an unresolved issue of state

-11-

law). In a case of mixed federal and state issues, a "district court has discretion whether to exercise supplemental jurisdiction over state law claims once the federal questions have been dismissed." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1550 (10th Cir. 1996). We agree with the district court's judgment that Mr. Wallin's case raises issues that have not yet been explicitly addressed by the Colorado courts,[5] and thus find that the district court did not abuse its discretion in declining to exercise federal jurisdiction over the negligence claims against defendants Bair, Brill, Doe, Hill, Saffer, Sloan, and Wederiski.

### III. Discovery Orders

Mr. Wallin challenged discovery orders on both the motion to dismiss and the summary judgement. We affirmed the motion to dismiss so we will not consider those discovery issues on appeal. We only address the appealed discovery orders for summary judgement. If the plaintiff fails to develop an issue sufficient to invoke appellate review, then the district court's discretion in a discovery motion will be upheld. *See United States v. Apperson*, 441 F.3d 1162, 1191 (10th Cir. 2006). Mr. Wallin's cursory argument to this Court fails to show that he was prejudiced by the district court's discovery orders.

The judgment of the United States District Court for the District of Colorado is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings

---

[5]While the district court cites a number of precedents indicating a trend toward finding a special relationship between a jailer and a prisoner giving rise to the duty to protect the prisoner's health, *Wallin v. Hill*, 2005 WL 1924663, at *9-10 (D. Colo., Aug. 10, 2005), we state no conclusion on how the Colorado courts should decide this issue.

-12-

consistent with this Order & Judgment.

Entered for the Court,

Michael W. McConnell
Circuit Judge