FILED
United States Court of Appeals
Tenth Circuit

June 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

OLOYEA D. WALLIN,

        Plaintiff - Appellant,

    v.

F. DYCUS; MR. GILBERT; MR.
DOMENICO, Officer; MS. TRAUB,
Nurse,

        Defendants - Appellees.

No. 09-1407
(D. Ct. No. 1:03-CV-00174-CMA-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Oloyea D. Wallin, a state prisoner proceeding pro se, appeals from the district court's order granting summary judgment to the defendants in this 42 U.S.C. § 1983 lawsuit. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.  BACKGROUND

Mr. Wallin asserts multiple Eighth Amendment claims against various employees of the Kit Carson Correctional Facility ("KCCC"), which all arise from an incident that occurred on July 3, 2002, while he was incarcerated there.  On that morning, Officer Gilbert attempted to place wrist restraints on Mr. Wallin to transport him outside for recreation; however, it became apparent that those restraints were too small.  Officer Gilbert then summoned Sergeant Dycus and explained that the wrist restraints would not fit on Mr. Wallin's wrists.  Sergeant Dycus became irritated by this predicament, grabbed Mr. Wallin's left wrist, and, exerting extreme force, tightly secured a larger ankle restraint around it.  When Mr. Wallin jerked forward, Sergeant Dycus became irate and exclaimed, "Don't you pull away from me!"  Mr. Wallin explained to Sergeant Dycus that his movement was merely a reaction to the tightness of the restraint and that he was experiencing sharp pain in his wrist.  Nevertheless, Sergeant Dycus grabbed Mr. Wallin's right wrist with extreme force and tightly secured an ankle restraint around it.  Once both wrists were shackled, Mr. Wallin explained that the restraints were unduly tight and causing him significant pain.  Sergeant Dycus removed the restraints.

After Sergeant Dycus walked away, Mr. Wallin noticed what he describes as extreme markings, tremendous pain, numbness, and tingling in his wrists.  When Mr. Wallin called for an officer to examine his injuries, however, he claims that no one responded.  Later that afternoon, while Officer Gilbert was making his usual rounds, Mr. Wallin showed him his wrists and requested medical attention.  Officer Gilbert

summoned Sergeant Dycus, but Sergeant Dycus refused to grant Mr. Wallin access to medical care. Mr. Wallin claims that Officer Domenico also denied him access to medical care at some point that day.

During a later sweep of the unit, Officer Gilbert allegedly denied Mr. Wallin access to medical care for a second time. Mr. Wallin claims that on this occasion Officer Gilbert also refused to provide to him a prescribed skin cream that he had been using. When Sergeant Dycus learned that Mr. Wallin was persisting in his complaints and requests for medical care, he stated that Mr. Wallin would not receive anything during his shift. Additionally, he instructed his staff to stay away from Mr. Wallin's cell.

Later that evening, Mr. Wallin requested that Ms. Traub, a nurse at KCCC, provide him medical attention for his wrist injuries. Ms. Traub inspected his wrists, recorded her findings in an anatomical report, and provided him with pain medicine. During this examination, Mr. Wallin requested that Ms. Traub keep his medical information confidential. Notwithstanding this request, Ms. Traub informed Sergeant Dycus of Mr. Wallin's claimed injuries and disclosed her report to him. Ms. Traub later returned to Mr. Wallin's cell to reexamine his wrists and to create a new report of his injuries. Both of Ms. Traub's reports indicate that she observed only minor indentations and slight redness on Mr. Wallin's wrists.

Mr. Wallin claims that he ultimately visited a doctor for his wrist injuries in November 2002. While he maintains that the doctor diagnosed him with severe nerve damage, he cannot remember the doctor's name or the precise date of the visit.

Furthermore, Mr. Wallin has not provided any documentation of the visit or diagnosis and has not sought subsequent treatment for wrist injuries.

Mr. Wallin filed this lawsuit in January 2003. Following the dismissal of various claims and defendants and the denial of multiple motions to compel by Mr. Wallin, the remaining defendants sought summary judgment. Before ruling on the summary judgment motions, however, the district court dismissed Mr. Wallin's complaint because he failed to amend it in accordance with a previous court order. Mr. Wallin then appealed the dismissal of his claims and the denial of his motions to compel.

Initially, this court affirmed the dismissal of all Mr. Wallin's claims and the denial of his motions to compel. *Wallin v. Dycus*, No. 04-1097, 2006 WL 2590493 (10th Cir. Sept. 11, 2006). Ultimately, however, we ordered a rehearing in light of intervening Supreme Court precedent. Following the rehearing, we issued an amended order reversing the dismissal of certain claims that had been wrongfully dismissed for failure to plead exhaustion of administrative remedies. *Wallin v. Dycus*, No. 04-1097, 2007 WL 655043 (10th Cir. Feb. 23, 2007). On remand, Mr. Wallin amended his complaint to allege the claims in this appeal. Both Mr. Wallin and defendants moved for summary judgment based on the discovery that had been previously conducted in the case. The district court granted the defendants' motion and denied Mr. Wallin's. Mr. Wallin now appeals from that decision.

## II. DISCUSSION

Mr. Wallin asserts four Eighth Amendment claims that he argues were erroneously

decided in favor of the defendants on summary judgment. First, he alleges that Sergeant Dycus and Officers Gilbert and Domenico showed deliberate indifference to his need for medical care by denying him medical assistance following the restraint incident. Second, he alleges that Officer Gilbert violated his Eighth Amendment rights by failing to intervene in the restraint incident. Third, he alleges that Officers Gilbert and Domenico showed deliberate indifference to his need for medical care by denying him his prescription skin cream. Fourth, he alleges that Ms. Traub violated his Eighth Amendment rights by disclosing his confidential medical information to Sergeant Dycus. In addition to these substantive claims, Mr. Wallin argues that the district court erred by denying his motions to compel, and he contends that the Prison Litigation Reform Act ("PLRA") is unconstitutional.

A.      Summary Judgment Standard

"We review a grant of summary judgment de novo, employing the same legal standard as the district court, specifically Fed. R. Civ. P. 56(c)." *United States v. Praxair, Inc.*, 389 F.3d 1038, 1047 (10th Cir. 2004). Under this standard, summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). When reviewing a grant of summary judgment, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). The nonmoving party's conclusory

and self-serving affidavits, however, will not create a genuine issue of material fact. *Id.* at 1213.

B.      Deliberate Indifference to Serious Medical Needs

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). A delay in the provision of medical care, however, is only actionable under the Eighth Amendment when the inmate can demonstrate that the delay caused him substantial harm. *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). "[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *see also Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) ("[N]ot every twinge of pain suffered as the result of delay in medical care is actionable.").

Mr. Wallin's first and third claims on appeal are properly stated as claims of deliberate indifference. Both of these claims fail, however, because of the same deficiency—Mr. Wallin cannot show that he suffered substantial harm because of the delay in medical care. In his first claim, Mr. Wallin contends that Sergeant Dycus and Officers Gilbert and Domenico violated his Eighth Amendment rights by refusing to provide him medical assistance following the restraint incident. Mr. Wallin submitted his own affidavit in which he states that a KCCC doctor determined that he had suffered nerve damage to his wrists. He does not, however, provide any record of this diagnosis

- 6 -

nor any other support for his claim that he suffered nerve damage. Furthermore, Mr. Wallin's claim of substantial harm is belied by Ms. Traub's anatomical reports which reflect that he sustained only slight indentations and redness from the restraint incident. In light of this evidence, Mr. Wallin's conclusory and self-serving claim of substantial harm does not create a genuine issue of material fact, and the district court properly granted the defendants' motion for summary judgment on this claim.

Similarly, in his third claim, Mr. Wallin argues that Officers Gilbert and Domenico violated his Eighth Amendment rights by refusing to provide him prescription skin cream during their shift on July 3, 2002. On appeal, however, Mr. Wallin does not attempt to demonstrate substantial harm from this alleged misdeed, arguing instead that substantial harm occurs anytime a person is deprived of prescribed medicine. This argument is inconsistent with our established precedent requiring inmates to demonstrate substantial harm in order to succeed on Eighth Amendment deliberate indifference claims based on a delay in medical care. *See, e.g.*, *Olson*, 9 F.3d at 1477 ("[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm."). Accordingly, the district court correctly granted the defendants' motion for summary judgment on this claim.

C.    Failure to Intervene

In his second claim, Mr. Wallin argues that Officer Gilbert violated his Eighth Amendment rights by failing to intervene in the restraint incident. "[A] law enforcement official who fails to intervene to prevent another law enforcement official's use of

excessive force may be liable under § 1983." *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996). To be liable for failing to intervene, however, an officer must have "a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force . . . ." *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004). In granting the defendants' motion for summary judgment, the district court concluded that Mr. Wallin had not demonstrated that Officer Gilbert had a reasonable chance to intervene. Indeed, the district court found, and Mr. Wallin does not dispute, that Sergeant Dycus removed the restraints almost immediately after Mr. Wallin complained they were too tight. Mr. Wallin maintains, however, that Officer Gilbert should have intervened after Sergeant Dycus placed the first restraint on Mr. Wallin's left wrist. In an affidavit, Sergeant Dycus testified that the entire restraint incident lasted approximately two minutes. Although Mr. Wallin appears to dispute this time estimate, he testified that he could not recall exactly how long the restraints were on his wrists. This lack of recollection does not create a genuine issue of material fact. Furthermore, given the brevity of the entire restraint incident and Sergeant Dycus's nearly immediate removal of the restraints following Mr. Wallin's complaints, we agree with the district court that Officer Gilbert did not have a realistic opportunity to intervene. Accordingly, the district court correctly granted the defendants' motion for summary judgment on this claim.

D.      Disclosure of Medical Information

Mr. Wallin's final substantive claim is that Ms. Traub violated his Eighth

Amendment rights by intentionally disclosing his medical information to Sergeant Dycus, which in turn perpetuated abuse by the other defendants. It is not clear what injury Mr. Wallin claims to have suffered because of the disclosure of his medical information. Indeed, Mr. Wallin does not identify any incidents of physical abuse that occurred after Ms. Traub discussed his wrist injuries with Sergeant Dycus. Furthermore, Mr. Wallin does not suggest that he suffered any physical injury as a result of Ms. Traub's alleged constitutional violation. Thus, this claim appears to be based on some unidentified non-physical injury. "[S]uch a suit cannot stand, [however,] unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *see also* 42 U.S.C. § 1997e(e). Because Mr. Wallin does not claim to have suffered any physical injury because of Ms. Traub's disclosure of his medical information, the district court correctly granted the defendants' motion for summary judgment on this claim.[1]

E.      Discovery and Constitutional Claims

In addition to his Eighth Amendment claims, Mr. Wallin argues that the district court improperly denied his Rule 56(f) motion for further discovery and contends that the

---

[1]Mr. Wallin also seeks declaratory relief for the disclosure of his medical information. We have concluded that the PLRA's physical injury requirement does not apply to actions for declaratory or injunctive relief. *Perkins*, 165 F.3d at 808. Nevertheless, Mr. Wallin is no longer incarcerated at KCCC and does not claim that he will have future interaction with Ms. Traub. Accordingly, his claim for declaratory relief is moot. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) ("Since [plaintiff] is no longer a prisoner . . . the entry of a declaratory judgment in [his] favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him.").

PLRA's physical injury requirement is unconstitutional. Both of these claims are without merit. When a party opposing a motion for summary judgment seeks further discovery through a Rule 56(f) motion, it must show "by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(f). In considering a Rule 56(f) motion, district courts have broad discretion to "deny the motion for summary judgment (usually without prejudice), order a continuance for additional discovery or make 'such order as is just.'" *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984) (quoting Fed. R. Civ. P. 56(f)). Even on appeal, Mr. Wallin does not identify any meritorious reasons why the district court abused its discretion in denying his Rule 56(f) motion. Instead, he incorrectly posits that he has no duty to prove why further discovery is necessary. Accordingly, the district court did not abuse its discretion in denying Mr. Wallin's unsupported request for additional discovery.

Likewise, the district court did not err in rejecting Mr. Wallin's constitutional challenge to the PLRA's physical injury requirement. We have recognized that "the restriction on damages of 42 U.S.C. § 1997e(e) does not violate plaintiff's right of access to the courts or otherwise run afoul of constitutional restrictions." *Searles v. Van Bebber*, 251 F.3d 869, 877 (10th Cir. 2001). Accordingly, Mr. Wallin's constitutional challenge is without merit.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's decision to grant the defendants' motion for summary judgment. Furthermore, we conclude that Mr. Wallin's

- 10 -

appeal is frivolous and therefore DENY his motion to proceed in forma pauperis.  Mr. Wallin now has three strikes under the Prison Litigation Reform Act and is subject to 28 U.S.C. § 1915(g)'s filing bar.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge