FILED
United States Court of Appeals
Tenth Circuit

December 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

OLOYEA D. WALLIN,

      Plaintiff-Appellant,

v.

F. DYCUS, MR. GILBERT, MR. DOMENICO, MS. TRAUB,

      Defendants-Appellees.

No. 10-1242
(D.C. No. 07-CV-00318-WDM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Oloyea D. Wallin, a prisoner at Colorado's Kit Carson Correctional Center, filed two actions under 42 U.S.C. § 1983 concerning his treatment there. The first action ended when the district court granted summary judgment against Mr. Wallin, *see Wallin v. Dycus*, 2009 WL 2490127 at *8 (D. Colo. Aug. 13, 2009), and we affirmed that decision, *see Wallin v. Dycus*, 381 F. App'x 819, 825 (10th Cir. 2010). After granting summary judgment in the first case, the district court

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

raised the possibility that Mr. Wallin's second case was barred by the doctrine of claim preclusion (i.e., *res judicata*). Eventually, the district court concluded that the second case was indeed so precluded and entered judgment on this basis, a ruling that led to this appeal.

After an independent review of the record, we conclude the district court was correct in holding Mr. Wallin's second case is barred by claim preclusion. Claim preclusion bars a lawsuit when four elements are present: (1) a prior suit ended with a judgment on the merits; (2) the parties in both suits are identical or in privity; (3) the second suit is based on the same cause of action as the first; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000). On appeal, we review *de novo* the application of these principles. *Id.*

Even giving Mr. Wallin's *pro se* filings before us the solicitous consideration they are due, he appears to contest only the third and fourth claim preclusion elements. On the third element, however, Mr. Wallin admits "the facts of both actions are the same," Aplt. Opening Brief at 3, and our independent review confirms that there can be no doubt his lawsuits are both based on the same cause of action. *See Plotner*, 224 F.3d at 1169 (explaining the Tenth Circuit has adopted the Restatement (Second) of Judgment's transactional approach to defining "cause of action" and thus bars "all claims or legal theories of recovery that arise from the same transaction, event, or occurrence"). On the fourth

element, Mr. Wallin complains he lacked a full and fair opportunity to litigate certain of his claims in his first lawsuit. Like the district court, we cannot agree. The record shows that Mr. Wallin had ample opportunity to shape his first lawsuit, including the opportunity (which he exercised) to amend his complaint. In short, we affirm the district court's order dismissing Mr. Wallin's second lawsuit on claim preclusion grounds for substantially the same reasons the district court gave in its thoughtful opinion. Mr. Wallin's motion to proceed on appeal *in forma pauperis* is denied.[**]

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[**] Mr. Wallin was initially allowed by the clerk's office to file this appeal without prepayment of the filing fee only because he filed the appeal before his third strike for purposes of 28 U.S.C. § 1915 became effective. Given our denial of *ifp* status in this order, however, Mr. Wallin remains liable for payment of the filing fee.